### Alexandria
## WASHINGTON METROPOLITAN AREA TRANSIT AUTHORITY
v.
## ORDRED DELOIS PENDER
No. 0668-91-4
Decided March 10, 1992

COUNSEL

Benjamin J. Trichilo (Lewis, Trichilo & Bancroft, P. C., on brief), for appellant.

Craig A. Brown (Ashcraft & Gerel, on brief), for appellee.

OPINION

**DUFF, J.**—Washington Metropolitan Area Transit Authority (WMATA) appeals from a decision of the Workers' Compensation Commission* dismissing its application for change in condition. On appeal, WMATA asserts that the commission erred in determining that its application requested only credit for overpayments under Code § 65.1-100.3, and in finding that Code § 65.1-100.3 is inapplicable to the present case. WMATA argues that a credit should have been granted and that the application also requested modification of the existing award. We disagree. Accordingly, we affirm the commission's decision.

The evidence before the deputy commissioner shows that Ordred Delois Pender (claimant) was injured on March 8, 1984, while working as a bus driver with WMATA. She sustained injuries to her right shoulder, neck and chest. At the time of the accident, she was earning an average weekly wage of $460.27. The parties entered into agreements providing for temporary total disability benefits of $277 weekly for the period October 25, 1984 through November 18, 1987.

On November 19, 1987, the claimant returned to work at a light duty position resulting in a diminished weekly wage. The commission, therefore, awarded claimant $204.18 per week in temporary partial benefits as per a new agreement between the parties.

On May 9, 1990, WMATA filed an application for change in condition, alleging that the claimant had returned to work on March 1, 1988 at an average weekly wage of $361.54, but had failed to report subsequent changes in earnings. The application stated that compensation had been paid through May 1, 1990 at the rate of $204.18 per week and requested credit for overpayments.

By letter dated May 31, 1990, the claims examiner rejected WMATA's application. Thereafter, on June 29, 1990, the full commission reversed the decision of the claims examiner, holding that sufficient evidence supported an application for change in

---

\* Formerly the Industrial Commission of Virginia. Effective October 1, 1991, Title 65.1 was recodified as Title 65.2. All references in this opinion are to Title 65.1, in effect at the time the Commission's decision was rendered in this case.

condition. The commission did not determine that the application requested a modification of the existing award; the commission simply referred the case to the hearing docket to receive evidence on all issues. At the October 30, 1990 hearing, counsel for claimant stipulated that she had returned to work and had earned $361.54 per week beginning March 20, 1988; $403.85 per week as of January 1, 1989; and $435.52 per week as of January 1, 1990. Claimant's counsel also agreed to modify the existing award to reflect an average weekly wage of $435.52, effective the date of the hearing.

On November 5, 1990, the deputy commissioner dismissed WMATA's application, finding that it was not entitled to a credit for overpayments under Code § 65.1-100.3. As a result, WMATA was required to pay temporary partial disability benefits at the previously agreed rate of $204.18 through October 30, 1990, the date of the hearing. Upon timely appeal, the full commission affirmed, holding that *Lot Masters v. Gibbs*, 11 Va. App. 70, 396 S.E.2d 395 (1990), required dismissal of the application.

WMATA contends that the commission erroneously interpreted and applied *Lot Masters*. WMATA argues that *Lot Masters* is not applicable because it requested modification rather than termination of the awarded benefits. We disagree.

WMATA clearly made a request for an overpayment credit, as opposed to the termination of an outstanding award. In its May 8, 1990 application, WMATA specifically states: "Credit is requested for overpayments due to claimant's failure to report change in earnings (see attached)." The only other allegations or grounds for relief set forth by WMATA were that the claimant returned to work on March 1, 1988, and that her salary increased between that time and January 1990. The attachment mentioned in the application referred to a letter detailing the claimant's salary over that period.

WMATA is not entitled to a credit for any overpayments of compensation benefits. The only authority for such a credit is found in Code § 65.1-100.3. In *Brushy Ridge Coal Co. v. Blevins*, 6 Va. App. 73, 367 S.E.2d 204 (1988), this Court found that "Code § 65.1-100.3 is substantive in nature and should not be retroactively applied to accidents which occurred prior to its effective date." *Id.* at 79, 367 S.E.2d at 207. Code § 65.1-100.3, therefore,

applies only to accidents that occurred after July 1, 1985, thus excluding the accident in this case, which occurred on March 8, 1984.

■ WMATA's interpretation of this Court's decision in *Lot Masters* is without merit. There, the Court carefully reviewed the specific language of an application for change in condition to determine whether the employer was seeking to vacate the outstanding award. As in this case, the employer in *Lot Masters* sought credit for the overpayment of compensation and attached details to the application regarding the claimant's return to work, specifying the claimant's average weekly wage. However, "the application form did not contain a request to vacate the award." 11 Va. App. at 72, 396 S.E.2d at 396. The *Lot Masters* court refused to infer a request for termination of benefits based on the printed language of the form. WMATA attempts to distinguish the present case by arguing that it sought to modify rather than terminate an award of benefits, thus making the ruling in *Lot Masters* inapplicable. However, the rationale of *Lot Masters* is that an employer is limited to the relief stated in its application, and this reasoning clearly applies here. WMATA's application for change of condition did not contain a request for modification of the outstanding award. We refuse to infer a request for modification based on the form's printed language.

Finally, WMATA argues that the commission should have entered an award *pro forma* based on the stipulated evidence of the claimant's change in average weekly wage, reasoning that actual wage loss is the required standard for determining partial disability benefits under Code § 65.1-55. In doing so, WMATA asks this Court to ignore the procedural safeguards set forth in the Rules of the Workers' Compensation Commission of Virginia. Rule 13 requires that an employer state the ground relied upon for relief. Here, WMATA stated no such ground. There is no provision by which the commission had authority to take *pro forma* action. Having failed to file any amendment to its application prior to the hearing, WMATA is limited to the grounds upon which it filed.

Having found no error in the ruling of the commission, we affirm.

*Affirmed.*

Baker, J., and Elder, J., concurred.