# Wytheville

## JOHN EDWARD GRAY v. UNDERWOOD BROTHERS, EMPLOYER, AND UNITED STATES FIDELITY & GUARANTY COMPANY, INSURANCE CARRIER.

June 13, 1935.

Present, Campbell, C. J., and Holt, Hudgins, Gregory and Browning, JJ.

The opinion states the case.

*Curry Carter,* for the appellant.

*David Meade White* and *R. E. Booker,* for the appellees.

BROWNING, J., delivered the opinion of the court.

Gray, the claimant, suffered an injury to his left leg, by accident, arising out of and in the course of his employment. By an agreement between his employer and the insurance carrier, who are the appellees here, his loss was reckoned at ninety per centum of the use of his leg for which he should be paid $8.25 per week for a period of one hundred and fifty-seven and a half weeks (157½ wks.). The weekly compensation represented fifty-five per centum of his average weekly wages and the period of weeks during which he was to be paid represented ninety per centum of 175 weeks. This computation was under sections 32 (p) and 32 (u) of the Workmen's Compensation Law of Virginia. (Acts 1918, chapter 400, as amended by Acts 1930, chapter 54.)

This agreement was merged into an award of the Industrial Commission on February 19, 1932.

Payments were made under the award to July 6, 1933, and on August 7, 1933, an application for a hearing on the ground of a change in condition, under section 47 of the act (Acts 1918, chapter 400, as amended by Acts 1932, chapter 89), was filed by the insurer. Upon the hearing of this application the Commission found that the claimant was suffering a sixty per centum loss of the use of his leg and a new award was made to meet the changed condition. This award allowed the claimant $8.25 per week for 105 weeks, the period to begin as of February 19, 1932, the date of the original award but this award was made subject to a credit for all compensation which had been paid to the claimant under the original award.

The claimant asked for and was allowed a review of the

second award by the full Commission, which on February 2, 1934, affirmed the second award which had been adjudged by Commissioner Nickels.

The claimant alleges error, first, because the application for review was made before the full compensation under the outstanding award had been paid, that is, to the date of the application; and, second, because the second award was retroactive in its effect.

We think there is substantial merit in the first ground of the complaint. The alleged error is based upon a rule which was promulgated by the Commission. While it has not been crystallized into law by statutory enactment it has the sanction of use and the public is required to recognize its application in its conduct. The Commission may not arbitrarily ignore its own rules any more than this court can ignore its rules. Indeed their infraction is constantly urged upon this court as error, and the rules are, in proper circumstances, upheld and enforced.

If a rule announced and promulgated by a judicial or *quasi* judicial tribunal, of which the world must take notice and be governed, is enforced at one time and ignored at another it reaches the vanishing point and is no rule. We do not think that such a discretion is lodged in the Commission as to impair the effect of what we have said.

The appropriate part of section 47 of the act as amended by Acts 1932, chapter 89, is as follows:

"Upon its own motion before judicial determination or upon the application of any party in interest, on the ground of a change in condition, the Industrial Commission may review any award and on such review may make an award ending, diminishing or increasing the compensation previously awarded, subject to the maximum or minimum provided in this act, and shall immediately send to the parties a copy of the award. No such review shall affect such award as regards any monies paid * * *."

As will be seen from the following citation from the Georgia Court of Appeals the law in that State is precisely the same as that of Virginia on points in controversy.

In the case of *South* v. *Indemnity Insurance Co. of North America,* 39 Ga. App. 47, 146 S. E. page 45, it was said:

"South, an employee of Yancey Brothers, suffered an injury to his hand, and applied for compensation. The Industrial Commission found that he had suffered a total loss of the use of his hand, and awarded him compensation at the rate of one-half of his weekly wages for ten weeks for total incapacity for work, and for a period of 150 additional weeks on account of the permanent partial industrial handicap. After payments had been made to the claimant for ninety-one weeks, the employer and the insurance carrier applied for a review of the original award, basing their application upon an alleged change in the physical condition of the claimant. The original award was reviewed, and the Commission found that there had been a change in the condition of the claimant since the original award was entered, and that, at the time of the review, the claimant was suffering from a loss of fifty per centum of the use of his hand. The Commission further found that he had been paid for ninety-one weeks at the rate of one-half his weekly wages, and that the payments made more than covered what he was entitled to; that the claimant should have been awarded compensation at the rate of one-half his weekly wages for a period of eighty weeks, that is, for one-half of ten weeks 'healing time,' and one-half of 150 weeks for the permanent loss of the use of his hand. Upon this finding of fact, the Commission ordered further payments to the claimant discontinued. The claimant appealed to the superior court, where the award of the Commission was affirmed, and the claimant excepted.

\*     \*     \*     \*     \*     \*     \*     \*

"Under section 45 of the Workmen's Compensation Act (Laws 1920, page 191), upon application of any party at interest 'on the ground of a change in condition, the Industrial Commission may at any time review any award or any settlement made between the parties and filed with the Commission, and, on such review, may make an award ending, diminishing, or increasing, the compensation pre-

viously awarded.' Upon an application for such review, the essentials leading up to the award are to be taken as *res judicata,* but the physical condition of the employee remains open to inquiry. *Gravitt* v. *Georgia Casualty Co.,* 158 Ga. 613, 123 S. E. 897; *Globe Indemnity Co.* v. *Lankford,* 35 Ga. App. 599, 134 S. E. 357; Workmen's Compensation Acts, C. J. Appendix, vol. 40 Cyc. 131, 132; L. R. A. 1916A, 163, 164. Thus, where the evidence before the Industrial Commission, upon such review, authorizes a finding that there has been a change in the condition of the claimant, a new award of compensation, based upon such changed condition, may be entered, although the original award may have been based upon a disability found by the Commission, at the time of making such original award, to be permanent.

"However, under section 45 of the Workmen's Compensation Act [corresponding to our section 47], no review by the Commission of an award of compensation previously made 'shall affect such award as regards any monies paid.' Accordingly, while the Commission may, upon reviewing an award previously made, make a new award 'ending, diminishing, or increasing the compensation previously awarded,' such an award cannot be made retroactive so as to be made effective as of the date of the original award, since to do so would 'affect the award previously made as regards' monies paid, but the new award can only become effective as of the time it is entered, and the claimant cannot be required to account for monies already paid him under the previous award.

"Under the foregoing rulings, when the Industrial Commission found on review that the condition of the claimant in the instant case had changed, he was subsequently entitled only to compensation as for a permanent partial loss, instead of as for a permanent total loss, of the use of the injured member. But the Commission was not authorized to impair its previous judgment by discontinuing his compensation entirely on the theory that he had already received, as for a total loss of the impaired member, more

than he would be entitled to if the new finding had been made to begin with. He could not be thus required to account for monies already legally paid under the previous award; and the Commission should have entered a new award allowing him subsequent diminished compensation for the continuing permanent partial loss of the use of such member in the proportion that such partial loss bears to such total loss. Accordingly, the judge of the Superior Court erred in affirming the award of the Industrial Commission."

In our judgment this is a correct interpretation and construction of the law controlling the present case. It is plain and logical and does not involve the complex system involved in the second award of the Commission.

If under our ruling the claimant receives more compensation than is provided by section 31 of the act (Acts 1918, chapter 400, as amended by Acts 1930, chapter 54), it is an unavoidable consequent of the proper construction of section 47 of the act. In our view, however, the two awards are independent and distinct, though the claimant is identical. In neither award, viewed as separate acts, does the claimant receive more than the statutory maximum. We reverse the action of the Industrial Commission and hold that the claimant is entitled to the weekly compensation, under the changed condition as the act provides, for the period of time under the provisions of the act. We know of no case which this court has decided on the precise points that we have considered.

*Reversed.*