## Salem

AUSTIN S. WHITTEN

v.

MEAD PAPERBOARD PRODUCTS

No. 0766-86-3

Decided April 21, 1987

COUNSEL

Mosby G. Perrow, III (Caskie, Frost, Hobbs, Thompson, Knakal & Alford, on brief), for appellant.

J. Gorman Rosenberger, Jr. (Kizer, Phillips & Petty, on brief), for appellee.

OPINION

**MOON, J.** — Austin S. Whitten appeals a decision of the Industrial Commission which denied his petition to recover benefits that accrued more than ninety days before he filed a change in condition application. Whitten contends that Rule 13(B) of the Rules of the Industrial Commission, which the commission relied upon when it dismissed his petition, conflicts with Code § 65.1-99 which permits a filing of an application for a change in condition up to twenty-four months from the last day for which compensation was paid. We disagree and affirm.

Code § 65.1-18 provides: "The Commission may make rules, not inconsistent with [the Virginia Workers' Compensation] Act, for carrying out the provisions of this Act." Therefore, we must determine whether Rule 13(B) is consistent with the Act, specifically Code § 65.1-99, and whether it carries out the provisions of the Act.

Code § 65.1-99 provides in pertinent part:

> Upon its own motion or upon the application of any party in interest, on the ground of a change in condition, the Industrial Commission may review any award and on such review may make an award ending, diminishing or increasing the compensation previously awarded, subject to the maximum or minimum provided in this act, and shall immediately send to the parties a copy of the award. No such review shall affect such award as regards any moneys paid except pursuant to §§ 65.1-100.3, 65.1-143, 65.1-144 and 65.1-151. *No such review shall be made after twenty-four months from the last day for which compensation was paid*, pursuant to an award under this act.

(emphasis added).

Rule 13(B) provides:

In the case of employees, the application must state the change in condition relied upon. *No additional compensation may be awarded more than ninety days prior to the filing of the application.*

(emphasis added).

In this case, Austin S. Whitten was injured on April 29, 1984, and had two periods of disability for which he was compensated, the last ending on April 21, 1985. In this application he alleges a period of disability from June 17, 1985, through August 5, 1985. After Mead refused to voluntarily pay disability benefits for the period, Whitten filed a change in condition application on November 29, 1985, more than ninety days after the end of the period for which he claimed disability. The commission held that Rule 13(B) barred recovery.[1]

The commission's purpose in adopting Rule 13(B) is stated in *McCahill v. Montgomery Ward & Co.*, 64 O.I.C. 213, 216 (1985):

This requirement by rule is justified by its administrative effect. It encourages prompt application for benefits and provides a basis for early determination of the merits of a claim. Further, it serves to deter dilatory filing of a claim which, if seasonably filed, would permit the employer to act in its best interest to provide any necessary medical attention to the employee and to ascertain facts which relate to the employee's medical or work status. Under §65.1-85 of the Act, an employee is required to give notice to the employer of injury within thirty days of the occurrence of an industrial accident. The notice provision of §65.1-85 applies to original applications for compensation benefits, not to change-in condition applications under §65.1-99.

---

[1] Appellant's counsel did not represent Whitten before the Industrial Commission.

Code § 65.1-54 entitles a claimant to receive disability payments for up to 500 weeks if needed. If, after receiving benefits for a period of time, the claimant returns to work, but thereafter has a change in condition justifying further payments, he may recover them under the Act as long as he applies within twenty-four months from the date of the last payment and provided he has not already received 500 weeks of disability payments. Rule 13(B) provides, however, that he may not recover benefits for any period of disability prior to ninety days from the filing of the new application.

Rule 13(B) does not reduce the number of weeks of disability from 500 weeks. It also does not reduce the twenty-four month period allowed to file for a change in condition. Rule 13(B) merely requires that a claimant timely exercise his right to compensation by limiting the retrospective period of recovery to not more than ninety days prior to the filing of the application. Code § 65.1-99 is not a statute of limitations in the ordinary sense. It does not provide that a claimant has twenty-four months to file from the date the change in condition (cause of action) occurs. Instead, it provides that the change in condition (cause of action) must occur within twenty-four months from the date for which the last compensation was paid. For example, should the change in condition occur in the twenty-third month after the last day for which compensation was paid, claimant would still have only one month in which to file the application.

Workers' compensation was intended "to provide compensation to a workman for the loss of his opportunity to engage in work . . . [when injured in] an accident arising out of and in the course of his employment." *Burlington Mills Corp. v. Hagood*, 177 Va. 204, 211, 13 S.E.2d 291, 293 (1941). Rule 13(B) facilitates the purpose of the Act, encouraging a claimant to obtain compensation as it becomes due. It affords the opportunity for the employer to provide light work or rehabilitation in order to reduce liability, as the employer has the right to do under Code § 65.1-88. If the employee may wait the full twenty-four month period without notifying the employer of the claimed change in condition, the employer's rights under Code § 65.1-88 would be lost. *See Bristol Door & Lumber Co. v. Hinkle*, 157 Va. 474, 478, 161 S.E. 902, 903 (1932).

In *Hinkle*, the claimant waited five years before filing a change in condition application. However, at that time, Code § 1887(47) (now Code § 65.1-99) did not restrict the time within which an injured worker could file a change in condition application. The Industrial Commission awarded Hinkle disability payments dating from the time of the change in condition five years earlier. The Supreme Court reversed, stating:

> [I]f the award is to date back to the time of the final settlement for the total disability, a period when the employer had no means of knowing that a change was taking place in his condition, the employer would be deprived of its right to furnish medical and surgical aid in an effort to rehabilitate him and restore him to health.

*Hinkle*, 157 Va. at 478, 161 S.E. at 903. The Court ruled that payments could only be awarded prospectively, from the date the application was filed.

In 1932, the General Assembly amended Code § 1887(47) to provide that no application could be filed more than twelve (now twenty-four) months from the last payment of compensation. The Industrial Commission, however, continued to follow the rule in *Hinkle*, and authorized payment of compensation only from the time of filing. In 1967, the commission adopted the predecessor to Rule 13(B) and authorized an award of benefits for a period not more than fourteen days prior to the date of the filing of the application. *See* 49 O.I.C. 131, 132 (1967). Thus, Rule 13(B), which first allowed payment for fourteen days prior to filing, then fifty days, and now ninety days, is a rule more beneficial to claimants such as Whitten than the rule in *Hinkle* that preceded it.

The General Assembly has not altered either the *Hinkle* rule or Rule 13(B). Because the commission's power to make its own rules exists through the authority granted by the General Assembly, it is clear that the General Assembly may amend or remove the requirements established by the commission's rules. It, therefore, follows that the General Assembly's failure to do so tacitly demonstrates its approval of the rules adopted by the commission. *Cf. Dan River Mills, Inc. v. Unemployment Compensation Commission*, 195 Va. 997, 1002, 81 S.E.2d 620, 623 (1954) ("[W]here the construction of a statute has been uniform for many years in the administrative practice, and has been acqui-

esced in by the General Assembly, such construction is entitled to great weight with the courts"); *see also Baskerville v. Saunders Oil Co.*, 1 Va. App. 188, 193, 336 S.E.2d 512, 514 (1985) (the legislature is presumed cognizant of statutory construction by public officials charged with its administration).

Other provisions of Rule 13 have been upheld by the Supreme Court of Virginia. Rule 13(A) establishes mandatory procedures by which an employer may terminate benefits. It requires an employer to pay benefits up to the date it files an application for a change in condition; the employer may not stop payment when it discovers the change. Thus, under the rule, an employer who proves a change in condition will almost inevitably pay the employee for some period for which it ordinarily would not be liable. *See* Code § 65.1-55. However, the Supreme Court, recognizing the purposes of the rule and the necessity of preventing arbitrary cessation of compensation, upheld the provisions as consistent with the Act. *See, e.g., Sargent Electric Co. v. Woodall*, 228 Va. 419, 424-25, 323 S.E.2d 102, 105 (1984); *Manchester Board & Paper Co. v. Parker*, 201 Va. 328, 331-32, 111 S.E.2d 453, 456 (1959). Therefore, Rule 13 applies equally to both employers and employees. *Horsley v. Commonwealth*, 58 O.I.C. 188, 190 (1978). It furthers the purposes of the Act with respect to both employers and employees without taking away substantive rights.

We conclude Rule 13(B) promotes the purpose of the Act and does not conflict with it. Therefore, we uphold its validity and affirm the commission's denial of benefits to Whitten since he was not entitled to compensation for the period more than ninety days preceding his filing of a change in condition application.

Since the resolution of Rule 13(B)'s validity is dispositive of the case, we do not consider the other issue raised by claimant.

Therefore, the decision is affirmed.

*Affirmed.*

Koontz, C.J., and Coleman, J., concurred.