## Alexandria
TELESYSTEMS, INC. and
HARTFORD MUTUAL INSURANCE COMPANY
v.
CLYDE HILL
No. 0514-90-4
Decided May 7, 1991

COUNSEL

Joseph C. Veith, III (Montedonico & Mason, on brief), for appellants.

Kenneth D. Bynum (Koonz, McKenney, Johnson & DePaolis, P.C., on brief), for appellee.

OPINION

BENTON, J.—In this appeal, Telesystems, Inc. argues that the Industrial Commission erred in reinstating Clyde Hill's award for temporary total work incapacity, which the commission had suspended pursuant to Industrial Commission Rule 13(C). Telesystems contends that the error was demonstrable because Hill had not applied separately for reinstatement of the award and because Telesystems had no notice that the commission would consider the issue. We conclude that the commission did not err and affirm.

Hill suffered an injury by accident in June 1988 while installing telephones for Telesystems. On March 28, 1989, the deputy commissioner awarded Hill benefits for temporary total work incapacity. Following his injury, Hill worked as a convenience store cashier from February 5 through February 19, 1989, and as a gas station cashier from March 20 until April 30, 1989. Hill notified Telesystems of his light duty work.

In July 1989, Telesystems filed an application for hearing, citing Hill's return to work and stating that Telesystems was entitled to overpayment credits under Code § 65.1-100.3.[1] The commission suspended payments to Hill pending a hearing on the merits pursuant to Rule 13(C).[2] At the hearing, Hill maintained that he was

---

[1] Code § 65.1-100.3 reads as follows:

So long as an employee receives payment of compensation under this act, such employee shall have a duty to immediately disclose to the employer and insurer any return to employment or increase in his earnings. Any payment to a claimant by an employer or insurer which is later determined by the Industrial Commission to have been procured by the employee by fraud, misrepresentation or failure to report any return to employment or increase in earnings may be recovered from the claimant by the employer or insurer either by way of credit taken to future compensation payments due the claimant, or by action at law against the claimant.

[2] Rule 13(C) states:

Upon receipt of the application from the employer or carrier, together with the supporting documents, in the offices of the Industrial Commission, it shall be examined for compliance with this and any other provisions of the Workers' Compensation Act or rules and, if accepted, no further action shall be taken for a period of fifteen days to permit the opposing party to submit any preliminary evidence if so desires.

At the expiration of such fifteen-day period, the Commission shall determine if the preliminary evidence filed by both parties justifies suspension of compensation pending a hearing on the merits of the claim. If so, the Commission will place the claim on the hearing docket and authorize the suspension of compensation as of the date for which compensation was last paid. If the preliminary evidence does not warrant placing the claim on the hearing docket, the parties will be so advised and

still disabled but conceded Telesystems' entitlement to credit for his earnings. Telesystems argued that "if [Hill] wants additional compensation following the period of his work and our credit, then he is under an obligation to apply for that by filing the change in condition application." Hill countered "that because there's an outstanding award there's no need . . . to apply for a hearing to keep his award going, that his medical condition has not changed at all." Neither party presented any testimonial evidence at the hearing. Telesystems introduced Hill's responses to interrogatories admitting his post-award earnings.

The deputy commissioner found that Hill had engaged in light duty employment and further found that Telesystems was entitled to credits under Code § 65.1-100.3. Based upon these findings, the deputy ordered a full resumption of the prior award, retroactive to the date of Telesystems' last payment, with credit given to Telesystems for Hill's earnings. The full commission affirmed the award, finding "no basis under [Code] § 65.1-100.3 or under Rule 13 for a further suspension of [Hill's] outstanding award for compensation for temporary-total work incapacity."

Telesystems argues that, in the absence of a separate petition from Hill for a review pursuant to Code § 65.1-99, the commission erred in reinstating the suspended award.[3] Telesystems reasons that, without Hill's petition, the issue of reinstatement was not properly before the commission. We disagree.

Telesystems sought relief under Code § 65.1-100.3 due to Hill's return to light-duty work. The commission invoked Rule 13(C) and suspended payments to Hill. Rule 13(C) provides that "[u]pon receipt of the application from the employer or carrier

---

the employer or its insurance carrier will be advised to continue compensation payments.

[3] Code § 65.1-99(A) states:

Upon its own motion or upon the application of any party in interest, on the ground of a change in condition, the Industrial Commission may review any award and on such review may make an award ending, diminishing or increasing the compensation previously awarded, subject to the maximum or minimum provided in this Act, and shall immediately send to the parties a copy of the award. No such review shall affect such award as regards any moneys paid except pursuant to §§ 65.1-100.3, 65.1-144 and 65.1-151. No such review shall be made after twenty-four months from the last day for which compensation was paid, pursuant to an award under this Act, except: (1) thirty-six months from the last day for which compensation was paid shall be allowed for the filing of claims payable under § 65.1.56.

. . . no further action shall be taken for a period of fifteen days to permit the opposing party to submit any preliminary evidence . . . . At the expiration of such fifteen day period, the Commission shall determine if the *preliminary* evidence filed by both parties justifies suspension of compensation *pending a hearing on the merits of the claim.*" (emphasis added). We do not read the language of Rule 13(C), as Telesystems urges, to be a permanent termination of award payments requiring an employee to apply for reinstatement under Code § 65.1-99.

 A suspension of payments pursuant to Rule 13(C) is based on a preliminary finding that the suspension is justified. *Cf.* Rule 13 (as amended 1972) ("benefits shall not be suspended until the supporting evidence which constitutes a legal basis for changing the existing award shall have been reviewed by the Commission . . . and a determination made that probable cause exists to believe that a change in condition has occurred"). The decision to suspend may be made *ex parte*, although the rule provides an employee an opportunity to submit evidence in his or her behalf. According to the express language, the suspension is made pending a hearing on the merits. " 'If [the employee] is eventually found to be eligible he will receive retroactively all the payments to which he was entitled.' " *Dillard v. Industrial Comm'n*, 347 F. Supp. 71, 77 (E.D. Va. 1972), *vacated on other grounds*, 416 U.S. 783 (1974) (citation omitted). On the other hand, if the commission determines the employee was not and is not entitled to the award, the suspension protects the employer since the employer generally cannot collect on sums already paid. *See* Code § 65.1-99 ("No such review shall affect such award as regards any moneys paid"); Code § 65.1-100.3 ("Any payment to a claimant by an employer . . . procured by the employee by . . . failure to report any return to employment . . . may be recovered by way of credit taken to future compensation payments due the claimant").

 It is manifest from the practical application of the rule that its obvious purpose is to preserve the *status quo ante*. A suspension pursuant to Rule 13(C) is simply preliminary and temporary, intended to protect both parties' interests until the commission resolves the noticed matter on its merits. Rule 13 "is not an authorization for an employer or insurer to suspend payments with assurance that [an employee] may not have them reinstated." *Dillard v. Industrial Comm'n*, 416 U.S. 783, 795-96

(1974). "It furthers the purposes of the Act with respect to both employers and employees without taking away substantive rights." *Whitten v. Mead Paperboard Prods.*, 4 Va. App. 182, 188, 355 S.E.2d 349, 351-52 (1987).

We find further support for this interpretation of "suspension" elsewhere in the Workers' Compensation Act. Code § 65.1-98 provides that "an appeal shall operate as a suspension of the award and no employer shall be required to make payment of the award involved in the appeal until the questions at issue therein shall have been fully determined." Code § 65.1-98.1, however, states that awards are effective from the date they are made and bear interest if payments are delayed by virtue of a review by the full commission or an appeal to the Supreme Court. It is clear, therefore, that the General Assembly intended an entitlement to an award to remain unaffected by a suspension, and that benefits ultimately restored would be supplemented with accrued interest. *See* Code § 65.1-100.1. That intention is consistent with the purpose of the Act — "to protect the employee." *Ellis v. Commonwealth, Dep't of Highways*, 182 Va. 293, 303, 28 S.E.2d 730, 734 (1944). Likewise, "Rule 13 was designed to protect employees, . . . not to deprive them of rights existing under the Act." *Dillard*, 416 U.S. at 795. Suspension under Rule 13(C) does not deprive an employee of entitlement to those payments justly accruing during the pendency of the review, and, thus, suspension is compatible with the commission's authority to "make rules, not inconsistent with this Act." Code § 65.1-18. We further recognize that requiring Hill to apply for reinstatement of payments suspended pending a hearing on the merits would ignore the directive of the Act to keep the procedures "as summary and simple as reasonably may be." Code § 65.1-18.

Telesystems inappropriately relies upon *K & L Trucking Co., v. Thurber*, 1 Va. App. 213, 337 S.E.2d 299 (1985). In *Thurber*, this Court considered the preclusive effect an *unappealed* determination on the merits had on subsequent hearings. We recognized a commission decision should be challenged through a proper appeal or petition for review based on changed circumstances rather than through a collateral attack. *Id.* at 220-21, 337 S.E.2d at 303. Here, the suspension and reinstatement with credit pursuant to Code § 65.1-100.3 were accomplished in a single hearing. The decision to suspend payments was merely preliminary to a formal

hearing and decision on the merits. Nothing in the Act suggests that the preliminary suspension of payments became *res judicata*, precluding Hill from requesting, and the commission from granting, reinstatement of benefits from the point of suspension. Thus, the commission did not err in reinstating the award and granting Telesystems credits in accordance with Code § 65.1-100.3.

Furthermore, the commission did not err in continuing to recognize Hill's temporary total incapacity. That Hill attempted to return to light duty work on his own accord, but ultimately failed, does not require a reclassification of his disability from total to partial. *Cf. Big D Quality Homebuilders v. Hamilton*, 228 Va. 378, 382, 322 S.E.2d 839, 841 (1984). The burden remained with the employer, Telesystems in this case, to prove an actual change in condition and the extent of change. The commission recognized the deficiency in the evidence and opined that "[t]he employer has offered no evidence other than that the employee returned to work at some unknown wage during the course of his outstanding award."

> In the present case the Commission did not [expressly] decide whether the evidence showed that there had been a change in the physical condition of claimant since the date of the previous award. But the clear implication from its written opinion is that there was no such showing. . . .

*J.A. Jones Constr. Co. v. Martin*, 198 Va. 370, 373, 94 S.E.2d 202, 204 (1956). Because Telesystems failed to demonstrate by a preponderance of the evidence that Hill's physical condition had changed, the commission did not err in continuing to recognize Hill's incapacity.

Accordingly, the commission's decision and award is affirmed.

*Affirmed.*

Koontz, C.J., and Keenan, J., concurred.