Alexandria
SPECIALTY AUTO BODY AND
SOUTHERN FIRE AND CASUALTY COMPANY
v.
LESLIE L. COOK
No. 1310-91-4
Decided April 14, 1992

328

COUNSEL

Benjamin J. Trichilo (Lewis, Trichilo & Bancroft, P.C., on brief), for appellants.

Michael W. Heaviside (Ashcraft & Gerel, on briefs), for appellee.

OPINION

**BENTON, J.**—This appeal concerns interpretation of Rule 13 of the Rules of the Virginia Workers' Compensation Commission.[1] Specialty Auto body contends (1) that the commission's interpretation of Rule 13 is so "unduly technical and formalistic" that it

---

[1] The portions of Rule 13 pertinent to this appeal are the following:

A. Applications for review upon the ground of a change in condition filed by the employer or carrier shall be in writing, under oath, and state the following:
   1. The ground relied upon for relief;

violates Code § 65.1-54, and (2) that the commission erred in finding that Leslie L. Cook was not estopped from or had not waived making an objection under Rule 13. We affirm the decision.

Cook suffered an injury to his back while working for Specialty Auto and was awarded temporary total disability compensation by the commission. On August 28, 1990, Specialty Auto filed an application for a hearing with the commission. In its application, Specialty Auto informed the commission that it suspended payments to Cook on August 26, 1990, based on a physician's report that Cook could fully resume his employment on August 27, 1990. On September 19, 1990, Cook's counsel objected to the application for hearing. Cook's counsel filed a September 11, 1990 report from Cook's physician stating that Cook was disabled at that time, and asked for reinstatement of Cook's temporary total disability compensation. At the January 16, 1991 hearing on Specialty Auto's application, Cook's counsel asserted that Specialty Auto had failed to conform to Rule 13 because benefits were suspended two days before Specialty Auto filed its application for a hearing. The deputy commissioner agreed and dismissed the application, holding that Specialty Auto's failure to comply with Rule 13 rendered the application facially void. Upon review, the commission affirmed the deputy commissioner's decision.

2. The date through which compensation has been paid. Compensation must be paid through the date on which the application is received in the . . . Commission offices, or posted by certified mail. . . .

* * * *

C. Upon receipt of the application from the employer or carrier, together with the supporting documents, in the offices of the [Industrial] Commission, it shall be examined for compliance with this and any other provisions of the Workers' Compensation Act or rules and, if accepted, no further action shall be taken for a period of fifteen days to permit the opposing party to submit any preliminary evidence it so desires.

At the expiration of such fifteen-day period, the Commission shall determine if the preliminary evidence filed by both parties justifies suspension of compensation pending a hearing on the merits of the claim. If so, the Commission will place the claim on the hearing docket and authorize the suspension of compensation as of the date for which compensation was last paid. If the preliminary evidence does not warrant placing the claim on the hearing docket, the parties will be so advised and the employer or its insurance carrier will be advised to continue compensation payments.

■ The commission has ·the power to make and enforce "rules not inconsistent with [the Workers' Compensation] Act, for carrying out the provisions of this Act." Code § 65.1-18. When a challenge is made to the commission's construction of its rules, "our review is limited to a determination whether the commission's interpretation of its own rule was reasonable." *Classic Floors, Inc. v. Guy*, 9 Va. App. 90, 93, 383 S.E.2d 761, 763 (1989). In considering the interpretation of rules by other administrative agencies, we have "accorded great deference" to the agency and have said that the agency's interpretation of its rules "will not be set aside unless arbitrary and capricious." *Virginia Real Estate Bd. v. Clay*, 9 Va. App. 152, 159, 384 S.E.2d 622, 626 (1989), *appeal dismissed*, 398 S.E.2d 78 (Va. 1990).

Rule 13 provides that, except in specifically defined circumstances, "[c]ompensation must be paid through the date on which the application is received in the . . . Commission offices." The record proves that Specialty Auto filed its application for hearing in the commission's office on August 28, 1990, but paid benefits to Cook only through August 26, 1990. Specialty Auto concedes these facts and does not contend that any of the exceptions to Rule 13 apply. Instead, Specialty Auto argues that the commission has adopted "an unduly technical and formalistic interpretation of Rule 13 which is contrary to the plain language of Code § 65.1-54."

■ We conclude that the commission's construction of the rule is neither unreasonable nor inconsistent with the Act. Code § 65.1-99 (now Code § 65.2-708) allows an employer to initiate a hearing before the commission in order to prove that an employee's benefits under an award should be extinguished due to a change in condition. Rule 13 allows the employer to suspend payments upon filing the application for a hearing and, thus, before the commission has the opportunity to make a decision on the evidence. Since an employer may not recover payments erroneously made before the commission's formal termination of benefits, *see Gray v. Underwood Bros.*, 164 Va. 344, 348, 180 S.E. 317, 319 (1935), it is in an employer's interest to terminate payment of benefits as soon as legitimately possible. The commission promulgated Rule 13 "to police this tendency of employers and insurers to terminate first and litigate later." *Dillard v. Industrial Comm'n*, 416 U.S 783, 789 (1974) (citing *Manchester Bd. & Paper Co. v. Parker*, 201 Va. 328, 111 S.E.2d 453 (1959)). The

Rule provides a reasonable mechanism to protect employees from possible abuse in the filing practices of employers. Thus, we cannot say that a strict interpretation of Rule 13's provisions is misplaced or unreasonable. Indeed, we have consistently required strict adherence to the Rules of Court. *See Long v. Commonwealth*, 7 Va. App. 503, 375 S.E.2d 368 (1988); *Mayo v. Department of Commerce*, 4 Va. App. 520, 358 S.E.2d 759 (1987); *Mayhood v. Mayhood*, 4 Va. App. 365, 358 S.E.2d 182 (1987); *Jordan v. Price*, 3 Va. App. 672, 353 S.E.2d 168 (1987); *Turner v. Commonwealth*, 2 Va. App. 96, 341 S.E.2d 400 (1986).

■ Specialty Auto correctly states that the commission, by statute, may not make rules inconsistent with the Act. *See* Code § 65.1-18 (now Code § 65.2-201(A)). However, Rule 13(A)'s prohibition against cessation of benefits is not contrary to any part of the Act. The Supreme Court of Virginia, "recognizing the purposes of the rule and the necessity of preventing arbitrary cessation of compensation, upheld the provision[] as consistent with the Act." *Whitten v. Mead Paperboard Prods.*, 4 Va. App. 182, 188, 355 S.E.2d 349, 351 (1987) (citing *Sargent Elec. Co. v. Woodall*, 228 Va. 419, 424-25, 323 S.E.2d 102, 105 (1984), and *Manchester Bd. & Paper Co. v. Parker*, 201 Va. at 331-32, 111 S.E.2d at 456). Moreover, the General Assembly has never attempted to amend or remove the requirements of Rule 13. *Whitten*, 4 Va. App. at 187, 355 S.E.2d at 351. We have specifically held that "[Rule 13] furthers the purpose of the Act with respect to both employers and employees without taking away substantive rights." *Id.* at 188, 355 S.E.2d at 351-52.

Furthermore, we cannot say that the commission's interpretation is inconsistent with Code § 65.1-54 (now Code § 65.2-500), which provides for temporary total disability benefits. Specialty Auto rightly states that temporary total disability benefits are to be awarded only when an employee cannot work due to total incapacity. According to Specialty Auto, this statutory requirement renders the commission's interpretation of Rule 13(A) inconsistent with the statute since there was "uncontroverted evidence in the record" that Cook could return to full duty work as of August 27, 1990.

Although Specialty Auto's application, if it had met the requirements of Rule 13, might have contained sufficient evidence to warrant an evidentiary hearing to determine whether benefits

should have been terminated, the determination whether benefits, in fact, should have been terminated could only have been made by the commission.

> A suspension pursuant to Rule 13(C) is simply preliminary and temporary, intended to protect both parties' interests until the commission resolves the noticed matter on its merits. Rule 13 "is not an authorization for an employer or insurer to suspend payments with assurance that [an employee] may not have them reinstated."

*Telesystems, Inc. v. Hill*, 12 Va. App. 466, 470, 404 S.E.2d 523, 526 (1991) (quoting *Dillard*, 416 U.S. at 795-96). While Specialty Auto alleges that Cook never offered any evidence that his condition had not changed, the fact finder has not had an occasion to address that issue. Cook never had the opportunity to present evidence in any proceeding because the application was determined to be facially void. Specialty Auto's bare allegation of a change in circumstance does not suffice to establish that fact. Whether a change in circumstance existed and was sufficient to cause a change in the status of the award was dependent upon the proof adduced at the hearing before the commission.

We conclude that Specialty Auto's claim that Cook is estopped and has waived any procedural objection under Rule 13 is meritless. The commission determined that Specialty Auto's failure to pay benefits through the date of filing its application for a hearing rendered its application void *ab initio*. It is immaterial that Cook did not alert Specialty Auto to the defect in its application prior to the hearing. Nothing in Rule 13 requires that the defect in the application be assailed prior to the evidentiary hearing.

For these reasons, the decision is affirmed.

*Affirmed.*

Baker, J., and Moon, J., concurred.