COURT OF APPEALS OF VIRGINIA


Present:  Chief Judge Moon, Judge Bray and Senior Judge Duff
Argued at Alexandria, Virginia


VERONICA HELEN THOMAS
                                           OPINION BY
v.          Record No. 0018-96-4    JUDGE RICHARD S. BRAY
                                            JULY 2, 1996
NORDSTROM PENTAGON CITY/
 NORDSTROM, INC.


           FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

              Craig A. Brown (Ashcraft & Gerel, on briefs),
              for appellant.

              Michael N. Salveson (Hunton & Williams, on
              brief), for appellee.



     Veronica Helen Thomas (claimant) appeals a decision of the

Virginia Workers' Compensation Commission (commission),

complaining that the commission erroneously concluded that she

(1) failed to "timely request" a review of the deputy

commissioner's denial of her motion to dismiss the hearing

applications of Nordstrom Pentagon City/Nordstrom, Inc.

(employer), (2) was released to her pre-injury employment on

November 30, 1992, and (3) neglected to report earnings which

exceeded her pre-injury wage.  Finding no error, we affirm the

commission.

     On June 26, 1990, claimant sustained employment-related

injuries to her knees, hands, and back, and was awarded benefits

from employer for the resulting disability.  Beginning in

December, 1992, employer filed several motions with the

commission, each seeking suspension of the award, and attended by

applications for related hearings.  The first, received by the commission December 24, 1992, alleged that claimant had been released to her pre-injury employment on November 30, 1992, and that any existing disability was not attributable to the industrial accident.  A motion and application filed December 3, 1993, asserted that claimant had "procured" the subject benefits through fraud and failed to report earnings in accordance with Code § 65.2-712.  The third motion, received January 5, 1994, alleged that claimant had been released to pre-injury employment on December 9, 1993.

Before referring these motions to the hearing docket, the commission's Claims Division required employer to "pay compensation [for two periods] pursuant to the . . . award," in accordance with Rule 1.4(C).[1]  Employer subsequently forwarded claimant a check for $5,896.42 on May 26, 1994, $68 less than the amount prescribed by the order.  Nevertheless, the matters were all referred to the hearing docket on June 3, 1994, without objection from claimant.

In early September, 1994, claimant moved the commission to dismiss the pending motions pursuant to Rule 1.4(C), contending that employer had failed to fully satisfy the payment required by the commission.  Shortly thereafter, employer paid claimant an additional $100 to resolve the insufficiency and, on September

[1]Rule 1.4(C) requires that "[c]ompensation . . . be paid through the date the application was filed," subject to certain inapplicable exceptions.

14, 1994, the deputy commissioner denied claimant's motion.[2] Claimant did not request full commission review of this decision, but included the issue in her appeal to the commission of the deputy's later decision, which granted employer "all of the relief requested in its applications for hearing." On review, the commission concluded that the ruling on claimant's Rule 1.4(C) motion to dismiss was res judicata and affirmed the deputy's decision on all issues.

## RES JUDICATA:   RULE 1.6(A)

"The commission has the power to make and enforce 'rules not inconsistent with [the Workers' Compensation] Act, for carrying out the provisions of this Act.'" Specialty Auto Body v. Cook, 14 Va. App. 327, 330, 416 S.E.2d 233, 235 (1992) (citation omitted). "When a challenge is made to the commission's construction of its rules, 'our review is limited to a determination whether the commission's interpretation of its own rule was reasonable.'" Id. (citation omitted). The agency will be "accorded great deference" and its interpretation of its rules "will not be set aside unless arbitrary and capricious." Virginia Real Estate Bd. v. Clay, 9 Va. App. 152, 159, 384 S.E.2d 622, 626 (1989), appeal dismissed, 398 S.E.2d 78 (Va. 1990).

_____

[2]Employer subsequently filed two additional motions and applications for hearing, dated October 7, 1994, and November 4, 1994, respectively, both alleging claimant's failure to report for independent medical examinations. All motions were consolidated for hearing before the deputy commissioner on March 30, 1995.

Rule 1.6(A) of the commission rules provides that "[a] request for review of a decision accepting or rejecting a change in condition claim or application shall be filed within 20 days from date of the decision.  No oral argument is permitted." Here, claimant failed within the time allotted by Rule 1.6(A) to request a review of the deputy commissioner's initial ruling denying her motion to dismiss the applications.  Accordingly, the commission concluded that the deputy commissioner's determination of the Rule 1.4(C) issue was res judicata.  See K & L Trucking Co. v. Thurber, 1 Va. App. 213, 219, 337 S.E.2d 299, 302 (1985).  We find that the commission's application of Rule 1.6(A) was reasonable and consistent with provisions of the Act and, therefore, beyond our review.[3]

RETURN TO PRE-INJURY EMPLOYMENT

Under familiar principles, we view the evidence in the light most favorable to the prevailing party, employer in this instance.  R.G. Moore Bldg. Corp. v. Mullins, 10 Va. App. 211, 212, 390 S.E.2d 788, 788 (1990).  "It lies within the commission's authority to determine the facts and the weight of the evidence, and its findings in that regard, when supported by credible evidence, will not be disturbed on appeal."  Rose v.

_____

[3]Contrary to claimant's assertions during oral argument, the commission's construction and application of Rule 1.6(A) would not require this Court to entertain appeals of such decisions as a "final award."  See Code §§ 17-116.04, 65.2-706; Holly Farms Foods, Inc. v. Carter, 15 Va. App. 29, 34, 422 S.E.2d 165, 167 (1992).

Red's Hitch & Trailer Servs., Inc., 11 Va. App. 55, 60, 396 S.E.2d 392, 395 (1990). "A question raised by conflicting medical opinion is a question of fact." Commonwealth v. Powell, 2 Va. App. 712, 714, 347 S.E.2d 532, 533 (1986). "The fact that there is contrary evidence in the record is of no consequence if there is credible evidence to support the commission's finding." Wagner Enters., Inc. v. Brooks, 12 Va. App. 890, 894, 407 S.E.2d 32, 35 (1991).

Dr. Juan L. Jammes, a neurologist, evaluated claimant on November 30, 1992, and reported "no objective evidence of disability." Rather, he opined that claimant was "suffering from functional overlay." The commission found Dr. Jammes' report, considered with other medical evidence and observations of claimant "performing tasks . . . inconsistent with her claimed disability," "sufficient to prove that . . . claimant was released to return to her preinjury employment on November 30, 1992," a decision clearly supported by credible evidence.

## EARNINGS

Code § 65.2-712 provides, in pertinent part, that "[s]o long as an employee receives payment of compensation . . . such employee shall have a duty immediately to disclose to the employer . . . any incarceration, return to employment or increase in his earnings."

It is uncontroverted that both before and after the accident claimant was a "distributor" of Herbalife products and became a

Herbalife "supervisor" in June, 1991.  Her responsibilities included ordering, receiving, storing, selling, packaging, and delivering an array of Herbalife products.  Claimant's tax returns indicated 1991 gross sales of $7,648.82, followed by substantial annual increases, rising to approximately $73,000 in 1994.  Although claimant's tax records and testimony reflected significantly less <u>net</u> income, the evidence indicated that she repeatedly represented to others that her net earnings ranged from $3,000 to $5,000 per month.[4]  In assessing these conflicts in the record, the commission characterized claimant's evidence as "unpersuasive" and "[in]conclusive," concurred in the deputy's finding that claimant was "not credible," and concluded that claimant had earned a net income which exceeded her pre-injury average weekly wage.  This factual finding is also well-supported by credible evidence and will not be disturbed on appeal.

Accordingly, we affirm the decision of the commission.

<u>Affirmed.</u>

---

[4]Testimony established that claimant once proclaimed monthly earnings of $8,000 to $10,000 to an audience attending an Herbalife "seminar," leaving her "debt-free."