COURT OF APPEALS OF VIRGINIA


Present:   Judges Haley, Beales and Alston
Argued at Alexandria, Virginia


MARK A. WINDSOR

v.        Record No. 0790-11-4

LOOMIS FARGO & COMPANY AND
 INDEMNITY INSURANCE COMPANY
 OF NORTH AMERICA

MEMORANDUM OPINION[*] BY
JUDGE RANDOLPH A. BEALES
DECEMBER 20, 2011


FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

> John B. Delaney (Delaney, McCarthy & Colton, P.C., on briefs), for
> appellant.
>
> Angela F. Gibbs (Dana L. Plunkett; Midkiff, Muncie & Ross, P.C.,
> on brief), for appellees.


Mark A. Windsor (appellant) appeals the decision by the Workers' Compensation

Commission (the commission) that appellant was not entitled to temporary total disability

benefits after October 7, 2009.  Appellant argues on appeal that the commission erred when it

found that it was appellant's burden to prove that he remained totally disabled after that date.

We disagree with appellant's argument, and, therefore, for the following reasons, we affirm the

commission's decision.

## I.  BACKGROUND

### A.  Compensable Injury and Return to Light-Duty Employment

Prior to suffering a compensable injury on February 21, 2008, appellant was employed as

a driver for Loomis Fargo & Company (employer).  On that date, another vehicle struck

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

appellant's company vehicle from behind, resulting in several compensable injuries to appellant, including damage to a disc in his back. Employer agreed to pay temporary total disability benefits beginning on February 29, 2008. This initial award of temporary total disability ("the May 23, 2008 temporary total disability award") is not directly at issue in this appeal.

Appellant returned to light-duty work for employer as a dispatcher on June 29, 2009, pursuant to the instructions of his treating physician, Dr. Colley. Appellant ceased this light-duty employment on August 17, 2009, also pursuant to Dr. Colley's instructions. On September 23, 2009 – the date of Dr. Colley's last evaluation of appellant, according to the commission's record – Dr. Colley instructed appellant to "[c]ontinue with out of work status for now with re-assessment" of that status two weeks later. However, there is no indication from the commission's record that such a reassessment occurred two weeks after September 23, 2009 – i.e., on October 7, 2009 – or at any time thereafter.

### B. Employer's Change-in-Condition Application

On December 30, 2009, employer filed an application for a hearing in the commission, alleging a change in condition – specifically, that appellant had returned to light-duty work on June 29, 2009 and, thus, was no longer totally disabled. On January 19, 2010, the commission made an initial finding of "probable cause" supporting the employer's application. Pursuant to the commission's rules, the May 23, 2008 temporary total disability award was preliminarily suspended pending an evidentiary hearing.

At the evidentiary hearing before the deputy commissioner, employer introduced medical records from Dr. Colley indicating that appellant had been released for light-duty work on May 6, 2009, with instructions that appellant not lift or carry more than 30 pounds. Employer also

introduced Dr. Colley's progress notes from June 3, 2009, July 1, 2009, and July 29, 2009.[1] In addition, William Elliot, appellant's supervisor when he returned to light-duty work, testified at the evidentiary hearing that appellant served as a truck dispatcher during appellant's period of light-duty employment. According to Elliot, appellant could perform this job either sitting or standing, and he was not required to lift anything at all. Elliot testified that appellant stopped working in August 2009.

Appellant also introduced several progress notes from Dr. Colley. In the first of these progress notes, dated August 24, 2009, Dr. Colley indicated that appellant should be "taken out of work for a week and re-assess[ed] for return to work next week." "Maybe just a brief rest break will help," Dr. Colley wrote in the August 24, 2009 progress note. "If no improvement we will need to consider other options." Dr. Colley's next progress note, dated September 2, 2009, indicated that appellant was "unable to return back to work in a light duty status at this time due to the exacerbation in symptoms." Dr. Colley's final progress note in the commission record, dated September 23, 2009, stated, "Follow up in 2 weeks [i.e., October 7, 2009] for re-evaluation and medication renewal. Continue with out of work status for now with re-assessment at that time."

### C. Deputy Commissioner's Rulings

The deputy commissioner's opinion noted the parties' stipulation that appellant returned to light-duty employment from June 29, 2009 to August 17, 2009. Based on this stipulation, the

---

[1] Dr. Colley's progress notes from June 3, 2009 (before appellant returned to light-duty work) and July 1, 2009 (shortly after appellant began light-duty work) contained additional light-duty instructions, such as that appellant should mainly be in a stationary seated position at work, so as to avoid aggravating the disc injury. The last of Dr. Colley's progress notes introduced by employer, dated July 29, 2009, indicated that appellant "does his job but he hurts" and that appellant was "adhering to his restrictions but with difficulty." At that time, Dr. Colley instructed appellant to continue with pain medication and scheduled a follow-up visit in four weeks.

deputy commissioner found that employer satisfied its burden of proving a change in condition under Code § 65.2-708(A).[2] The deputy commissioner then *terminated* the May 23, 2008 temporary total disability award effective June 29, 2009 – the date appellant returned to light-duty employment. Significantly, appellant *never* requested full commission review of the deputy commissioner's decision to terminate the May 23, 2008 temporary total disability award.

Given that appellant's light-duty employment ceased on August 17, 2009, pursuant to Dr. Colley's instructions, the deputy commissioner then awarded appellant a *new* period of temporary total disability benefits "from August 17, 2009 and continuing until conditions justify modification thereof." Employer requested full commission review of the deputy commissioner's decision to award appellant this new period of temporary total disability benefits.

### D. Full Commission Review

On review, the full commission made several rulings that are pertinent to this appeal. First, a majority of the commissioners found that the deputy commissioner's decision to terminate the May 23, 2008 temporary total disability award was *final* because appellant did not seek full commission review of this ruling by the deputy commissioner. The commission majority also found that the deputy commissioner had authority to consider appellant's entitlement to a new period of workers' compensation benefits after his light-duty employment

---

[2] That statute states, in pertinent part:

> Upon its own motion or upon the application of any party in interest, on the ground of a change in condition, the Commission may review any award and on such review may make an award ending, diminishing or increasing the compensation previously awarded, subject to the maximum or minimum provided in this title, and shall immediately send to the parties a copy of the award."

Code § 65.2-708(A).

ended on August 17, 2009 (even though appellant did not file a new application for benefits). However, the commission majority found that the deputy commissioner erred in requiring *employer* to prove that appellant was not totally disabled on August 17, 2009 or at any time thereafter. The commission explained:

> We can conceive of no reason why the burden of proof in this case should be any different than the burden of proof in every other situation where a claimant seeks benefits following termination of an award, and we hold that such burden of proof rests with the claimant.

The commission majority then found that appellant satisfied his burden of proving a temporary total disability from August 17, 2009 to October 7, 2009 – but not *after* October 7, 2009. The commission noted that October 7, 2009 was "the date the claimant was to return to Dr. Colley so that his ability to return to work could be assessed." Since there was no indication in the record that appellant was evaluated by Dr. Colley on October 7, 2009 (or at any time after September 23, 2009), the commission majority declined to "presume ongoing disability in the absence of supporting medical evidence."

Thus, the commission awarded appellant temporary total disability benefits, effective on August 17, 2009 – but *only* through October 7, 2009.

## II. ANALYSIS

On appeal to this Court, appellant challenges the commission's finding that he was not entitled to temporary total disability benefits after October 7, 2009. Appellant argues that the commission erred when it assigned him the burden of proving a new period of temporary total disability following the termination of the May 23, 2008 temporary total disability award. "The question of which party bears the burden of proof is a question of law." Mulford v. Walnut Hill Farm Group, LLC, 282 Va. 98, 111, 712 S.E.2d 468, 476 (2011).

- 5 -

A.  This Court's Decision in *Telesystems, Inc. v. Hill* is Not Controlling Here

Appellant argues that this Court's decision in Telesystems, Inc. v. Hill, 12 Va. App. 466, 404 S.E.2d 523 (1991), is controlling on this issue and dictates a finding that employer retained the burden of proof throughout the entirety of the commission proceedings.  The commission found that the circumstances in Hill were distinguishable, and, therefore, found that it was not bound by this Court's decision in that case.  We agree with the reasoning and conclusion of the commission.

In Hill, Hill's employer (Telesystems) filed an application for a hearing in the commission alleging that Hill was no longer entitled to temporary total disability benefits because Hill briefly worked in a light-duty capacity with another employer.  Pursuant to the commission's rules, the temporary total disability award was suspended pending an evidentiary hearing.  Following the evidentiary hearing, the deputy commissioner ordered the full resumption of Hill's temporary total disability benefits (with a credit given to Telesystems to account for Hill's light-duty earnings), and the full commission affirmed that decision.  Hill, 12 Va. App. at 468-69, 404 S.E.2d at 524-25.

On appeal, this Court discussed the limited effect of suspending an open award, pending an evidentiary hearing on a change-in-condition application.  This Court explained that such a suspension of benefits is "simply preliminary and temporary, intended to protect both parties' interests until the commission resolves the noticed matter on its merits."  Id. at 470, 404 S.E.2d at 526.  Given that Hill's award was only preliminarily *suspended* – but not actually terminated – this Court held, "The burden remained with the employer, Telesystems in this case, to prove an actual change in condition and the extent of change."  Id. at 472, 404 S.E.2d at 526.  This Court then affirmed the commission's finding that Telesystems failed to satisfy this burden of proving a change in condition.  Id. at 472, 404 S.E.2d at 526-27.

The case before us today presents a very different scenario than Hill. The only similarity between this case and Hill is that appellant's May 23, 2008 temporary total disability award also was suspended preliminarily, pending an evidentiary hearing on employer's change-in-condition application. However – unlike in Hill – employer here actually satisfied its burden of proving a change in condition based on the parties' stipulation that appellant returned to light-duty employment on June 29, 2009. The deputy commissioner in this case then *terminated* the May 23, 2008 temporary total disability award. Conversely, Hill's temporary total disability was never terminated (but was instead fully reinstated by the commission). Because Hill involved *only* the preliminary suspension of a temporary total disability award – but not the actual termination of that award on the merits – the decision in Hill simply is not controlling on the very different circumstances in this case.

B. The Termination of the May 23, 2008 Temporary Total Disability Award is Final

Furthermore, this Court cannot now consider on appeal the deputy commissioner's decision to terminate the May 23, 2008 temporary total disability award. As the commission found, appellant *never* sought full commission review of that decision by the deputy commissioner. See Comm'n Rule 3.1 ("Failure of a party to assign any specific error in its request for review may be deemed by the Commission to be a waiver of the party's right to consideration of that error."). Given this procedural posture, the commission ruled, "Since the claimant did not appeal the termination of the May 23, 2008 award, that termination is final."

Because the full commission never considered the termination of the May 23, 2008 temporary total disability award on the merits, this Court has "no commission ruling to review" on this issue. Hodnett v. Stanco Masonry, Inc., 58 Va. App. 244, 253, 708 S.E.2d 429, 434 (2011). Consequently, this Court "cannot consider" on appeal the termination of the May 23, 2008 temporary total disability award. Id.; see Rule 5A:18.

C. The Full Commission Did Not Err in Finding that Appellant Failed to Prove
Temporary Total Disability After October 7, 2009

In this case, the deputy commissioner terminated the May 23, 2008 temporary total disability award, and the termination of that award is now final because appellant never sought full commission review of the deputy commissioner's decision. Given this posture, the commission did not err when it found that appellant assumed the burden of proving any *further* period of temporary total disability. Under settled law, "'a party seeking compensation bears the burden of proving his disability *and the periods of that disability*.'" Uninsured Employer's Fund v. Clark, 26 Va. App. 277, 285-86, 494 S.E.2d 474, 478 (1998) (emphasis added) (quoting Marshall Erdman & Assocs., Inc. v. Loehr, 24 Va. App. 670, 679, 485 S.E.2d 145, 149 (1997)); see Lot Masters v. Gibbs, 11 Va. App. 70, 72, 396 S.E.2d 395, 396 (1990) ("Had the commission vacated or terminated the prior temporary total award, the burden would have been on Gibbs to file an application and produce evidence establishing continuing disability. However, the commission did not terminate the prior award.").

In addition, while the commission found that appellant satisfied his burden of proving a temporary total disability beginning on August 17, 2009 (when appellant ceased light-duty employment pursuant to Dr. Colley's instructions), the commission also found that appellant *failed* to prove that the temporary total disability continued *after* October 7, 2009 – i.e., two weeks following appellant's last visit with Dr. Colley that is apparent from the commission's record. We "must defer" to these findings by the commission because they are "supported by credible evidence in the record." Diaz v. Wilderness Resort Ass'n, 56 Va. App. 104, 114, 691 S.E.2d 517, 522 (2010); see Apple Constr. Corp. v. Sexton, 44 Va. App. 458, 460, 605 S.E.2d 351, 352 (2004) (explaining that the evidence is viewed in the light most favorable to the prevailing party in the commission).

At the evidentiary hearing, appellant presented three progress notes from Dr. Colley – dated August 24, September 2, and September 23, 2009. All three progress notes reflected that appellant was currently unable to return to work – but also that Dr. Colley intended to reassess that conclusion after a short period of time.

The August 24, 2009 progress note states that appellant is scheduled to return to Dr. Colley's office for a follow-up appointment on September 2 for an evaluation on "return to work [versus] consideration of return to therapy."

The September 2, 2009 progress note then indicates that appellant is to undergo "a brief course" of physical therapy "before releasing back to work," with a reevaluation scheduled for September 23, 2009.

Finally, the September 23, 2009 progress note states, "Follow up in 2 weeks for re-evaluation and medication renewal. *Continue with out of work status now with re-assessment at that time.*" (Emphasis added).

Given Dr. Colley's progress notes, the commission found:

> Dr. Colley, as of September 23, 2009, must have believed that the claimant's work status could change, as of October 7, 2009, otherwise there would be no reason to assess it again at that time. The claimant never followed up with Dr. Colley after September 23, 2009, and his work status was accordingly never re-assessed. Indeed, after the September 23, 2009 record from Dr. Colley, there are no medical records relating to any treatment received by the claimant through May 24, 2010, the date of the hearing below, a period of eight months.

Unwilling to "presume ongoing disability in the absence of supporting medical evidence," the commission awarded appellant temporary total disability benefits only "through October 7, 2009, the date the claimant was to return to Dr. Colley so that his ability to return to work could be assessed." The commission noted, "It would be nothing more than speculation to conclude that the claimant remained totally disabled through the [May 24, 2010] hearing date

eight months later." Viewing the evidence in the light most favorable to employer, as the prevailing party below, see Apple Constr. Corp., 44 Va. App. at 460, 605 S.E.2d at 352, the commission's decision to award appellant temporary total disability benefits only through October 7, 2009, therefore, was supported by credible evidence in the record. See Diaz, 56 Va. App. at 114, 691 S.E.2d at 522.

### III. CONCLUSION

Appellant never sought full commission review of the deputy commissioner's decision to terminate the May 23, 2008 temporary total disability award effective on June 29, 2009 – the date that the parties stipulated that appellant returned to light-duty work. Under these circumstances, the commission did not err in finding that it was appellant's burden to establish a *new* period of temporary total disability – and credible evidence supports the commission's finding that appellant failed to prove that he was totally disabled after October 7, 2009. Accordingly, for the foregoing reasons, we affirm the decision of the commission.

Affirmed.