COURT OF APPEALS OF VIRGINIA


Present:   Judges Benton, Bumgardner and Kelsey
Argued at Alexandria, Virginia


APPLE CONSTRUCTION CORPORATION AND
 ERIE INSURANCE EXCHANGE

                                                          OPINION BY
v.        Record No. 0819-04-4            JUDGE D. ARTHUR KELSEY
                                                        NOVEMBER 30, 2004
ORN BILLY SEXTON


FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

Daniel E. Lynch (John T. Cornett, Jr.; Williams & Lynch, on brief),
for appellants.

Diane C.H. McNamara for appellee.


While on an open award for medical benefits, Orn Billy Sexton moved from Northern Virginia to Florida.  Wanting to remain under the care of his Virginia treating physician, Sexton refused to accept the demand of his employer, Apple Construction Corporation, to choose a new physician in Florida.  Having failed to convince the Workers' Compensation Commission to compel the change of physicians, Apple Construction appeals.  We affirm the commission's decision.

I.

We view the evidence on appeal in the light most favorable to Sexton, the prevailing party before the commission.  Clinchfield Coal Co. v. Reed, 40 Va. App. 69, 72, 577 S.E.2d 538, 539 (2003).  Sexton sustained back and ankle injuries while at work for Apple Construction in 2001.  Sexton applied for and received workers' compensation benefits.  Pursuant to his award, Sexton began receiving treatment from Dr. Ronald Childs, a Fairfax physician.  Dr. Childs performed two back surgeries on Sexton.  After the surgeries, Sexton continued to have symptoms

of severe pain and ambulation limitations. While still recuperating, Sexton moved to Florida in March 2003.

Apple Construction filed an application with the commission seeking to compel Sexton to choose from a panel of physicians in Florida, claiming that Sexton's medical condition would suffer if he remained under the care of Dr. Childs. Apple Construction also argued that its responsibility for travel reimbursement and its potential liability exposure for accidents in transit warranted the relief requested. Sexton responded by asserting that his recovery would suffer if he lost the continuity of care provided by Dr. Childs. As for any claim for travel expenses and any potential injury claims occurring during transit, Sexton agreed to waive any such claims so long as he could remain under the care of Dr. Childs. The commission denied Apple Construction's request, finding the evidence inadequate to warrant a compulsory change in treating physician.

II.

To justify a change in the treating physician, the employer bears the burden of proving that specific circumstances warrant the change. Allen & Rocks, Inc. v. Briggs, 28 Va. App. 662, 676, 508 S.E.2d 335, 341 (1998). Circumstances may warrant a change if:

> inadequate treatment is being rendered; it appears that treatment is needed by a specialist in a particular field and is not being provided; no progress being made in improvement of the employee's health condition without any adequate explanation; conventional modalities of treatment are not being used; no plan of treatment for long-term disability cases; [or] failure to cooperate with discovery proceedings ordered by the Commission.

Id. at 675, 508 S.E.2d at 341 (quoting Powers v. J. B. Constr. Co., 68 O.I.C. 208, 211 (1989)); see also H. J. Holz & Son, Inc. v. Dumas-Thayer, 37 Va. App. 645, 657, 561 S.E.2d 6, 12 (2002).

Apple Construction did not attempt to prove any of the circumstances outlined in Allen & Rocks, Inc. No testimony or medical reports addressed, much less questioned, the quality of medical care being provided by Dr. Childs or the adequacy of providing such care in the future.

Nor did any evidence demonstrate how, if at all, the commute would affect Dr. Childs's treatment plan. Instead, Apple Construction relied entirely on generalizations — contending, for example, that Sexton needed "a local doctor for his own benefit" and would "get better with local treatment."

The commission found these contentions unpersuasive, as do we. Apple Construction's claim that the closest doctor is the best doctor falls far short of qualifying as an axiom of law. To prevail, Apple Construction was obliged to demonstrate its position with specific facts — a task of advocacy left undone in this case. As the commission held, "there is absolutely no evidence that the medical care provided to the claimant by Dr. Childs has been unreasonable or inadequate in any way." To the contrary, the commission found, "Dr. Childs has acquired a unique expertise regarding the claimant's complicated condition — which has already necessitated two surgeries performed by Dr. Childs." By relying on generalizations unsupported by evidentiary proof, Apple Construction failed to carry its burden of persuasion.

Apple Construction, however, also contends that Sexton's waiver of travel expenses and potential liability claims during transit arguably runs afoul of Code § 65.2-300(A), which precludes contractual releases of statutory benefits except where permitted by statute. Though expressly accepting Sexton's waiver as an "enforceable agreement," Apple Construction fears it may not be. The commission erred, Apple Construction argues, in refusing to recognize these risks as sufficient to terminate Sexton's continuing treatment with Dr. Childs.

We hold these risks to be illusory, thus rendering Apple Construction's fears unfounded. A stipulation by a claimant, when made before the commission as a condition for seeking other relief and thus subject to the commission's scrutiny, does not offend Code § 65.2-300(A). Such a stipulation, in form and substance, serves as a partial compromise of an existing or potential claim. Cf. Code § 65.2-701 (authorizing the parties to reach an agreement "in compromise" of a claim).

The statutory scheme broadly "encourages the voluntary settlement of claims arising from compensable injuries." Watts v. P&J Hauling, Inc., 41 Va. App. 278, 283, 584 S.E.2d 457, 460 (2003); see generally Lawrence J. Pascal, Virginia Workers' Compensation Law & Practice § 9.02, at 9-1 to 9-5 (3d ed. 2000 & Supp. 2004) (observing that compromise "may be in the best interest of the parties"). A stipulation made before the commission, no less than a concession made before a court, is a binding and enforceable obligation. Sexton's waiver, therefore, protects Apple Construction against any exposure to travel reimbursement costs or to liability claims arising out of the transit to and from his treatment with Dr. Childs.

III.

Satisfied that Apple Construction did not provide adequate grounds justifying a change in Sexton's treating physician, we affirm.

Affirmed.