COURT OF APPEALS OF VIRGINIA

Present:   Judges Kelsey, Haley and Senior Judge Bumgardner
Argued at Richmond, Virginia


STEVEN O. ALLEN

MEMORANDUM OPINION[*] BY
v.        Record No. 1861-08-4                   JUDGE RUDOLPH BUMGARDNER, III
MARCH 17, 2009
WRIGHT'S BUICK, INC. AND
  ZURICH DIRECT UNDERWRITERS


FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

Rodger L. Smith for appellant.

William F. Karn for appellees.


Steven O. Allen appeals an order of the Workers' Compensation Commission to choose a

new treating physician.  He maintains the commission abused its discretion in ordering the

change.  Finding the commission did not abuse its discretion, we affirm.

We view the evidence in the light most favorable to the party prevailing below.  R.G.

Moore Bldg. Corp. v. Mullins, 10 Va. App. 211, 212, 390 S.E.2d 788, 788 (1990).  The claimant

sustained a compensable injury by accident on September 14, 2001, that resulted in a neck strain,

a right shoulder injury, and depression.  In January 2002, Dr. A.H. Nagia, an anesthesiologist and

pain management specialist, began treating the claimant.  The treatment consisted of physical

therapy and prescription medications for pain management and depression.  Initially, the

claimant lived in Woodbridge where Dr. Nagia maintained his offices, but he moved to Luray in

August 2005.

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

The employer filed an application seeking a change in the treating physician on April 23, 2007. At the hearing on the application, the claimant testified he has treated with Dr. Nagia for three to four years and Dr. Nagia has helped him "a whole lot." The claimant asserted he had a good doctor/patient relationship with Dr. Nagia. He testified Dr. Nagia got him "the proper medication that I can actually deal with the pain in my leg and to lose him would be terrible." The claimant takes seven medications, which cause side effects, such as dizziness, fatigue, and irritability. The claimant has trouble traveling, although Dr. Nagia has not restricted his driving.

The claimant sees Dr. Nagia approximately once a month. When he has an appointment, the claimant drives from Luray to his sister's home in Dale City the day before. He gets up the next morning, goes to his appointment, then drives to a pharmacy before returning home. When traveling to the doctor's office, the claimant takes various routes to avoid traffic back-ups, which are "stressful" and "depressing" for him. He experiences "stress" and muscle spasms if he has to sit in traffic back-ups. He acknowledged that his medications could cause him to "fall asleep" in slow-moving traffic and that he has "got to keep going." The claimant stated that he is willing to accept reduced payments for travel expenses if he is allowed to continue treating with Dr. Nagia.

In February 2007, the employer provided the claimant with a new panel of physicians, consisting of one located in Harrisonburg and two located in Fishersville. The distances from the claimant's home to the doctors' offices were 34.49 miles, 61.74 miles, and 62.32 miles respectively. The distance to Dr. Nagia's office was 85.62 miles, though the claimant acknowledged that he often drove further than that because he took alternate routes to avoid traffic.

The deputy commissioner ordered a change in physicians because of the distance of the claimant's commute from Luray to Dr. Nagia's office in Woodbridge. The commission affirmed, stating:

[W]e find no error in directing the claimant to choose from the panel. The claimant argues that because he is willing to accept lesser reimbursements for mileage, he should be able to continue with Dr. Nagia as his treating physician. However, the claimant repeatedly testified that he encounters physical difficulties and stress in driving distances with traffic back-ups and other road activity. He has had to split the trip into two days and take longer routes. We understand that the claimant feels he has a good doctor-patient relationship with Dr. Nagia, but there is no evidence that Dr. Nagia is providing any type of specialized care that other qualified doctors cannot provide. Under the circumstances presented, we find the change in physicians is warranted.

The claimant maintains the commission abused its discretion in ordering a change in his treating physician.[1] He argues the commission did not base its decision on any of the grounds listed in <u>Allen & Rocks, Inc. v. Briggs</u>, 28 Va. App. 662, 675, 508 S.E.2d 335, 341 (1998). In that case, this Court held a change may be warranted if:

"inadequate treatment is being rendered; it appears that treatment is needed by a specialist in a particular field and is not being provided; no progress being made in improvement of the employee's health condition without any adequate explanation; conventional modalities of treatment are not being used; no plan of treatment for long-term disability cases; and failure to cooperate with discovery proceedings ordered by the Commission."

<u>Id.</u> (quoting <u>Powers v. J. B. Constr. Co.</u>, 68 O.I.C. 208, 211 (1989)).

The claimant argues that none of the criteria in <u>Allen</u> apply to his situation. However, nothing in that opinion suggests in any way that the criteria listed constitute a fixed or rigid, complete or exhaustive list of the reasons that may justify a change in treating physicians.

The claimant also argues that the commission simply decided that the commute to Dr. Nagia's office was unreasonable because it was further after the claimant moved to Luray. He maintains <u>Apple Constr. Corp. v. Sexton</u>, 44 Va. App. 458, 605 S.E.2d 351 (2004),

---

[1] For the purposes of this case, we accept the claimant's assertion that an abuse of discretion standard applies.

- 3 -

establishes the proposition that "the claim that the closest doctor is the best doctor falls far short of qualifying as an axiom of law."

In Apple Construction, the claimant had moved to Florida. The employer claimed that the claimant's medical condition would suffer if he remained under the care of his treating physician in Virginia. The employer argued that its responsibility for travel reimbursement and its potential liability for accidents in transit warranted a change to a physician in Florida. The claimant countered that his recovery would suffer if he lost the continuity of care provided by his treating physician. The commission found the treating physician had "'acquired a unique expertise regarding the claimant's complicated condition — which ha[d] already necessitated two surgeries performed by [the treating physician].'" Id. at 462, 605 S.E.2d at 353. No evidence demonstrated "how, if at all, the commute would affect [the treating physician's] treatment plan." Id. at 461, 605 S.E.2d at 352. "Instead, [the employer] relied entirely on generalizations contending, for example, that [the claimant] needed 'a local doctor for his own benefit' and would 'get better with local treatment.'" Id.

The facts in this case are quite different from those in Apple Construction. In this case, credible evidence demonstrated that the commute from the claimant's home in Luray to the doctor's office in Woodbridge was detrimental to the claimant's condition and treatment. The routine traffic back-ups that he encountered traveling through northern Virginia caused stress, depression, and muscle spasms. Those conditions forced the claimant to take alternative routes that lengthened the trip and extended it over two days. Unlike Apple Construction, nothing indicated the treating physician provided any specialized treatment or treated a complicated condition involving surgeries performed by the physician. In fact, credible evidence showed the claimant's treatment had remained unchanged for years and only involved physical therapy and prescription medications.

Under these circumstances, we find the commission's decision ordering a change in the claimant's treating physician to a physician located closer to his home was entirely reasonable and not an abuse of discretion.[2]  Accordingly, we affirm the commission's decision.

Affirmed.

---

[2] We note that in ordering the change in treating physicians, the deputy commissioner ruled that "[i]f the claimant feels unable to drive to the chosen doctor's office because of the effects of his injury or the effects of his medication then the defendants shall be responsible to provide him with transportation to the appointments."  The commission affirmed the deputy commissioner's opinion in that respect.