COURT OF APPEALS OF VIRGINIA

Present:   Chief Judge Huff, Judges Alston and Russell
Argued at Richmond, Virginia

UNPUBLISHED

HOWARD WELLS

v.       Record No. 1369-17-4

AUTOMOTIVE SERVICE GARAGE AND
 GRAPHIC ARTS MUTUAL INSURANCE CO.

MEMORANDUM OPINION* BY
CHIEF JUDGE GLEN A. HUFF
FEBRUARY 20, 2018

FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

David Rosenblum (Rosenblum & Rosenblum, LLC, on brief), for
appellant.

Amanda Tapscott Belliveau (Andrew Elliot Sassoon; McCandlish
Holton Morris, P.C., on brief), for appellees.

Howard Wells ("claimant") appeals the decision of the Virginia Workers' Compensation

Commission which upheld the deputy commissioner's denial of claimant's request for

authorization of further medical treatment and a change in treating physician.  On appeal,

claimant argues that the Commission erred by finding that the additional treatment sought was

not causally related to his original compensable injury, and by refusing his request for a change

of treating physician.  He also claims that the Commission erred by failing to award him

attorney's fees and deposition costs.  For the following reasons, this Court affirms the

Commission's rulings.

I.  BACKGROUND

"On appeal, we view the evidence in the light most favorable to the prevailing party

before the [C]ommission."  Portsmouth Sch. Bd. v. Harris, 58 Va. App. 556, 559, 712 S.E.2d 23,

_____

* Pursuant to Code § 17.1-413, this opinion is not designated for publication.

24 (2011) (quoting Central Va. Obstetrics & Gynecology Assocs., P.C. v. Whitfield, 42 Va. App. 264, 269, 590 S.E.2d 631, 634 (2004)). So viewed, the evidence is as follows.

Claimant suffered an accident at work on April 20, 2012, sustaining injuries to his spine, wrist, and left foot. His employer, Automotive Services Garage, and its insurance carrier (collectively "employer") accepted the injuries as compensable and the Commission entered an award order on May 25, 2012. Claimant began seeing Dr. Ramesh G. Chandra ("Chandra") soon after the accident, and after a period of conservative treatment, Chandra recommended surgery to repair a fracture of the fifth metatarsal on his left foot. He performed the surgery on November 27, 2012, after which claimant underwent a course of physical therapy. On February 4, 2013, claimant reported to Chandra that he was experiencing increased pain in his foot, and after reviewing new x-rays, Chandra determined that a screw placed during the first surgery was backing out. He recommended an additional surgery to remove the hardware, which he performed on March 21, 2013. Following this second surgery, claimant completed additional physical therapy and eventually progressed to the point of wearing normal footwear and ambulating with minimal pain.

At an examination on April 15, 2013, Chandra noted that claimant was walking normally, had full range of motion and strength in all ankle muscle groups, and had minimal pain and no swelling in his foot. He released claimant to full duty at work. Following a final follow-up exam on May 13, 2013, Chandra confirmed that the fracture had healed with good alignment, notified claimant that he had met all treatment targets and goals, and advised claimant to continue his home exercise program with follow-ups only as needed.

According to later testimony from his supervisor, claimant performed his normal duties at work from the time of his return in April of 2013 until June of 2014. During that time, he wore normal shoes and moved around without assistive devices. The supervisor testified that claimant

did not limp or move about abnormally and that he did not complain of any pain that interfered with his ability to perform his work duties.

On June 8, 2014, claimant was involved in a car accident in his personal vehicle and received hospital treatment for injuries to his head, neck, shoulder, elbow, and hip. Numerous doctors and a chiropractor treated claimant's injuries in the accident's aftermath. On July 15, 2014, claimant underwent an independent medical evaluation with orthopedist Dr. Louis Levitt ("Levitt"), who evaluated a number of complaints related to his back and knees and took x-rays of his left foot. Levitt's report noted that claimant's left foot had healed normally, that he had reached maximum medical improvement for the left foot fracture in 2013, and that he needed no further treatment for his left foot beyond that time. Levitt also noted that claimant did not disclose his June 8, 2014 car accident in the course of the examination.

In 2015 and 2016, claimant sought a series of independent medical examinations pursuant to a pending personal injury claim. Dr. Matthew Ammerman ("Ammerman"), a neurologist, examined claimant on May 26, 2015, and appellant reported foot pain, back pain, and knee pain which he attributed to his accident from 2012. Ammerman addressed his back pain and recommended pain management treatments to deal with it. Ammerman noted that claimant's back pain was likely aggravated by gait problems arising from foot pain and knee pain. Claimant also did not inform Ammerman of his 2014 accident. Dr. Kenneth Ward ("Ward") examined claimant on November 2, 2015 and conducted an extensive records review. He noted that claimant was using a cane at that time and reported tenderness and pain in his left foot. Ward's final report took note of Chandra's indication that the fracture in claimant's foot was healed in 2013 and opined that "continued dysfunction after a healed fifth metatarsal fracture is an unlikely scenario."

Claimant underwent additional independent medical examinations on March 9 and 10, 2016. At his March 9, 2016 examination with podiatrist Dr. Gary Feldman ("Feldman"), claimant alleged that he had been suffering pain in his left foot for almost four years, dating back to the 2012 work accident, and presented MRI studies for Feldman to review. At his March 10, 2016 exam with orthopedist Dr. Barry Boden ("Boden"), claimant reported back, hip, and knee pain ongoing since the 2012 accident. Boden administered a cortisone injection in claimant's left knee and opined that claimant might need a knee replacement at some point. Once again, claimant informed neither Feldman nor Boden about his 2014 accident so neither of their reports mentions it.

The claims at issue in this appeal were filed in March and November of 2016, and an evidentiary hearing took place before a deputy commissioner on February 15, 2017. Claimant testified on his own behalf and offered into evidence the reports from Ammerman, Boden, and Feldman. Claimant also submitted a deposition taken of Chandra. Claimant testified that he sought treatment from Chandra in late 2013 for continuing pain in his foot, but that the "front office staff" in Chandra's office informed him that the insurance carrier had refused treatment. Claimant was unable to provide details of his contact with Chandra's office, and Chandra provided conflicting testimony in his deposition on the issue of whether claimant had ever contacted his office. Claimant testified that this refusal of service forced him to seek treatment from Boden and Feldman and formed the basis of his request for a change in treating physician. Claimant acknowledged upon cross-examination that he did not inform Doctors Boden or Feldman of his 2014 accident.

Employer submitted questionnaires completed by Chandra indicating that claimant's left foot fracture had completely healed by the time he was returned to work in April of 2013.

Employer also relied upon testimony from claimant's work supervisor, Chandra's records, and Levitt's opinion that claimant's fracture was healed and asymptomatic as late as July 15, 2014.

After weighing the conflicting medical evidence and testimony, the deputy commissioner ruled that claimant's requested treatment was not causally related to his compensable accident from 2012. As such, a change of physician was not warranted. The deputy commissioner also ruled that claimant was not entitled to attorney's fees or reimbursement for Chandra's deposition because Rule 1.8(G) did not apply. Claimant requested review by the full Commission, which affirmed the deputy commissioner's rulings on August 4, 2017. This appeal followed.

## II. STANDARD OF REVIEW

On appeal, the factual findings of the Commission are binding on this Court "if those findings are supported by credible evidence in the record." Rusty's Welding Serv., Inc. v. Gibson, 29 Va. App. 119, 131, 510 S.E.2d 255, 261 (1999) (*en banc*). "In determining whether credible evidence exists, the appellate court does not retry the facts, reweigh the preponderance of the evidence, or make its own determination of the credibility of the witnesses." Id.

Although this Court defers to the Commission's factual findings, its "legal determinations are not binding on appeal, and will be reviewed *de novo*." Starbucks Coffee Co. v. Shy, 61 Va. App. 229, 238, 734 S.E.2d 683, 688 (2012) (quoting Wainwright v. Newport News Shipbuilding & Dry Dock Co., 50 Va. App. 421, 430, 650 S.E.2d 566, 571 (2007)). When those conclusions arise from construction of the Workers Compensation Act ("the Act") or its own rules, "[t]he Commission's construction . . . is entitled to great weight on appeal." Allen & Rocks, Inc. v. Briggs, 28 Va. App. 662, 675, 508 S.E.2d 335, 341 (1998).

## III. ANALYSIS

Claimant asks this Court to resolve three issues: the causal relationship between his requested treatment and the original compensable injury, his request for a new physician, and his

request for deposition costs and attorney's fees. This opinion discusses each in turn, starting with causation.

## A. Causation

Code § 65.2-603 requires that employers furnish for "as long as necessary after an accident" a physician and "such other necessary medical attention . . . as the nature of the injury may require." Although any injured worker is entitled to treatment under an award of the Commission, the burden always falls *to the claimant* to prove that "the medical attention, for which payment is claimed under [Code § 65.2-603], was causally related to the industrial accident." Watkins v. Halco Engineering, Inc., 225 Va. 97, 101, 300 S.E.2d 761, 763 (1983). When confronted with such a claim, "[t]he Commission's determination regarding causation is a finding of fact." Marcus v. Arlington County Bd. of Supervisors, 15 Va. App. 544, 551, 425 S.E.2d 525, 530 (1993).

In this case, claimant's evidence that his recurring foot pain was causally connected to his original injury was insufficient to convince the Commission. Claimant's original treating physician, Chandra, reported that his fracture was completely healed and returned claimant to full duty on April 15, 2013. Although claimant alleged that he sought treatment for continuing foot pain from Chandra "about four months" after that, the contact is disputed. Levitt stated in his report from July 2014 that claimant's foot appeared completely healed and he had no symptoms of foot pain or dysfunction. Ammerman's report from claimant's visit in 2015 contains the first documentation of renewed foot pain after Chandra released claimant to full duty. Feldman and Boden describe ongoing foot pain in their reports, but their examinations were based on incomplete and inaccurate medical histories. Medical evidence was in conflict.

When the Commission hears conflicting medical evidence, "[q]uestions raised by conflicting medical opinions must be decided by the [C]ommission." Penley v. Island Creek

Coal Co., 8 Va. App. 310, 318, 381 S.E.2d 231, 236 (1989). The Commission evaluated all the medical evidence regarding the condition of claimant's foot, giving particular weight to the opinion of Chandra—claimant's primary treating physician—because "the opinion of the claimant's treating physician is ordinarily given great weight." Pilot Freight Carriers v. Reeves, 1 Va. App. 435, 439, 399 S.E.2d 570, 572 (1986). The Commission determined that the opinions of Feldman and Boden were insufficient to overcome the opinions of Levitt, Ward, and Chandra, and concluded that the treatment claimant requested was not causally related to the compensable injury.

Claimant alleges that the Commission did not give sufficient weight to particular pieces of evidence, but on review this Court does not "retry the facts, reweigh the preponderance of the evidence, or make its own determination of the credibility of the witnesses." Wagner Enterprises, Inc. v. Brooks, 12 Va. App. 890, 894, 407 S.E.2d 32, 35 (1991). Such determinations are best made by the Commission, which, like a trial court, is in the best position to do so. "The fact that there is contrary evidence in the record is of no consequence [to this Court's review] if there is credible evidence to support the [C]ommission's finding." Id. There is credible evidence in the record to support the Commission's conclusion. Accordingly, this Court will not disturb it.

### B. Change in Treating Physician

Appellant's claim for a change in treating physician is inseparably linked to the question of causation regarding his current symptoms. Code § 65.2-603(A)(1) states that once an employee has chosen a physician from the panel of three provided by the employer, any change must be approved by the employer or the Commission. The party seeking the change bears the burden of proving that specific circumstances warrant it. Apple Constr. Corp. v. Sexton, 44 Va. App. 458, 461, 605 S.E.2d 351, 352 (2004). The Commission and this Court have found a

variety of circumstances that might justify a change in physician, including inadequate treatment, the need for treatment by a specialist that is not being provided, or lack of improvement in the underlying condition. Id. (quoting Allen & Rocks, 28 Va. App. at 676, 508 S.E.2d at 341).

In Apple Construction, the employer sought a change in treating physician in order to avoid paying travel expenses for the claimant to continue treatment with his original doctor after he moved. The Commission found, and this Court affirmed, that the employer's claims that a closer doctor would be better for the claimant fell "far short of qualifying as an axiom of law" and that the employer—in that case the party requesting the change—failed to provide sufficient factual support that any of the conditions described in Allen & Rocks had been met. Id.

In this case, claimant could not prove that any of the conditions justifying a change in physician had been met because he did not prove the causal connection between his compensable injury and any required further treatment. The Commission rightly determined that claimant could not prove that he was receiving inadequate treatment, or needed a different specialist, or that his treatment was not progressing, because the available evidence showed that his compensable foot injury had resolved completely through Chandra's care in 2013. Accordingly, the Commission found that claimant had failed to carry his burden of proof that a change in physician was necessary. This conclusion was also supported by credible evidence, and will not be disturbed by this Court.

## C. Award of Attorney's Fees and Costs

Claimant sought an award of attorney's fees or, at minimum, reimbursement for the cost of deposing Chandra. The Commission, or any court before whom proceedings under the Act are brought, may award attorney's fees and costs to the claimant if the employer or insurer defends a claim without reasonable grounds. Code § 65.2-713. Costs of depositions may be included in such an award, according to Code § 65.2-703. Furthermore the Commission's

- 8 -

Rule 1.8(G) allows for depositions of an attending physician to be taken, at employer's expense, if the physician "has not prepared written reports which are sufficient to answer questions concerning . . . causation," among other things. Rule 1.8(G) was designed to "give claimants an ability to obtain at the employers' expense complete information and opinions from . . . physicians *who fail to provide*" this information. Nichols v. General Parts, Inc., VWC No. 229-57-35, 2007 VA Wrk. Comp. LEXIS 1811, at *4 (VA Wrk. Comp. Apr. 17, 2007) (emphasis added).

Any award of attorney's fees and costs under the Act is "left to the sound discretion of the Commission. [This Court] will not disturb the administrative assessment of costs or attorney's fees unless there is an abuse of discretion." Lynchburg Foundry Co. v. Goad, 15 Va. App. 710, 715, 427 S.E.2d 215, 218-19 (1993) (quoting Jensen Press v. Ale, 1 Va. App. 153, 159, 336 S.E.2d 522, 525-26 (1985)). On review, this Court gives "great deference to the interpretation given by the [C]ommission to its rules. 'Consequently, our review is limited to a determination whether the [C]ommission's interpretation of its own rule was reasonable.'" Arellano v. Pam E. K's Donuts Shop, 26 Va. App. 478, 483, 495 S.E.2d 519, 521 (1998) (quoting Classic Floors, Inc. v. Guy, 9 Va. App. 90, 93, 383 S.E.2d 761, 763 (1989)).

In the case at bar, the Commission declined to award fees and costs to the claimant. The Commission found the employer's defenses to be reasonable because they were successful. The Commission also found that Rule 1.8(G) did not apply because the attending physician, Chandra, provided adequate information via written answers to the questionnaires he was given, as well as extensive opinions noted in the medical records submitted to the Commission. Although a claimant may request clarification of answers on questionnaires via interrogatories or a deposition, the employer is not obliged to pay for such clarification. Id. Deposition costs are only awarded to claimants when the doctor in question is uncooperative, and in this case Chandra

cooperated in every possible way. The Commission's decision not to award attorney's fees or the costs of the deposition in question was in keeping with its own prior decisions and reflects a reasonable interpretation of its own rules. Accordingly, this Court finds that the Commission acted within its discretion and therefore affirms its decision.

## IV. CONCLUSION

The Commission's factual determination that claimant's requested treatment was not causally related to his original compensable injury, and its subsequent finding that a change in physician was unwarranted, were not plainly wrong and were supported by credible evidence. Furthermore, the Commission acted within its discretion by refusing to award claimant attorney's fees and deposition costs. Therefore, this Court affirms the Commission's opinion in its entirety.

<u>Affirmed.</u>