**Alexandria**

JOHN F. ANDERSON

v.

EAST COAST FISH & SCALLOP COMPANY, INC.

and

BITUMINOUS INSURANCE COMPANY

No. 1765-88-2

Decided April 24, 1990

COUNSEL

Oldric J. LaBell, Jr. (Oldric J. LaBell, Jr.; Thomas W. Avis; Avis & Avis, on brief), for appellants.

S. Vernon Priddy, III (Mary Louise Kramer; Sands, Anderson, Marks & Miller, on brief), for appellees.

OPINION

**WILLIS, J.**— Appealing from a decision of the Industrial Commission denying him benefits, John F. Anderson contends (1) that the commission erred in finding that he failed to prove that his injury resulted from an accident arising out of and in the course of his employment; (2) that the commission erred in considering the defense of self-inflicted injury; and (3) that the commission erred in failing to consider evidence that his injury was suffered by accident. Upon review, we find no error and affirm.

Anderson was wounded in the face by a charge from his twelve gauge pump-action shotgun which was found at the scene. The evidence showed that he was in the practice of carrying the gun with him at work in the early morning hours while he was the only employee on duty. There was also evidence that he had been receiving threats from unnamed parties.

Anderson initially told the police that he had been attacked and shot by two intruders. Later, he recanted this story, saying that he had propped the shotgun in a corner, had stood on a table to fix a flickering light bulb, and had fallen accidentally on the shotgun, which discharged and injured him. Without being asked, he denied that he had shot himself intentionally.

A firearms expert testified regarding the safety and trigger mechanisms of the gun. He said that it would fire only when the

safety was off and the trigger was pulled. The gun was found with the breech open and a spent shell ejected. This meant that the slide mechanism had been retracted subsequent to the firing of the gun.

■ Finding that the evidence in the record was conflicting, the commission stated that the "record has presented many theories [assault, suicide attempt, and accidental injury], but it contains no persuasive evidence which can form the basis for an award of compensation." This finding is supported by credible evidence and is, therefore, binding on appeal. *See* Code § 65.1-98; *Caskey v. Dan River Mills, Inc.*, 225 Va. 405, 411, 302 S.E.2d 507, 510 (1983). Anderson repudiated his initial account of assault. We agree with the employer that *Massie v. Firmstone*, 134 Va. 450, 114 S.E.2d 652 (1922), bars him from basing his claim on that ground.

■ The commission did not err in considering evidence of self-inflicted injury. Based on Anderson's various and conflicting accounts, on the evidence found at the scene, and on evidence concerning the loading and firing function of the gun, the deputy commissioner concluded that Anderson's injuries were self-inflicted. Citing Code § 65.1-38 and Rule 4 of the Rules of the Industrial Commission, the deputy commissioner held, however, that since the employer did not plead willful misconduct as an affirmative defense, the decision could not be based on this finding. The full commission also found a "strong basis for an inference that the claimant shot himself," but refrained from drawing that inference. This interpretation of Code § 65.1-38 and Rule 4 was erroneous. These provisions merely require the giving of notice if the employer intends to interpose an affirmative defense to bar an otherwise meritorious claim. Neither provision relieves the claimant of the burden of proving his case. *See Davis v. B&G Auto Parts*, 63 O.I.C. 97, 98 (1983).

■ In order to prevail, the claimant must prove his case. Where the evidence merely shows that the injury could have resulted from one or more causes, for one of which the employer is responsible and for another of which it is not, the employer is not liable for compensation. *Crisp v. Brown's Tysons Corner Dodge, Inc.*, 1 Va. App. 503, 505, 339 S.E.2d 916, 917 (1986).

Finally, we find no merit in the claimant's third question. The record reveals that the commission did consider the evidence of accidental injury and rejected it.

For the foregoing reasons, the judgment of the commission denying compensation is affirmed.

*Affirmed.*

Barrow, J., and Cole, J., concurred.