COURT OF APPEALS OF VIRGINIA


Present:   Judges McClanahan, Petty and Senior Judge Annunziata
Argued at Alexandria, Virginia


WILLIAM E. JENKINS

                                                           OPINION BY
v.        Record No. 1845-07-4              JUDGE ROSEMARIE ANNUNZIATA
                                                           JUNE 24, 2008
TIMOTHY STERLING WEBB


            FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

            John G. Berry (Berry & Early, on brief), for appellant.

            Christopher P. Schewe for appellee.


        William E. Jenkins (Jenkins or employer) appeals a decision of the Workers'

Compensation Commission awarding benefits to Timothy Sterling Webb (claimant).  Jenkins

contends the commission erred in (1) finding claimant proved he sustained an injury by accident

arising out of and in the course of his employment on November 25, 2003; and (2) rejecting the

deputy commissioner's credibility determinations.  For the following reasons, we affirm the

commission's decision.

                                    Background

        At the October 2, 2006 hearing before the deputy commissioner, the parties stipulated

that, on November 25, 2003, claimant fell from a tree while in the course of his employment with

Jenkins, whose business involves trimming and felling trees.  Claimant sustained fractures to his

back, ribs, and sternum.

        Jenkins defended the claim on the basis that he was not subject to the jurisdiction of the

Workers' Compensation Act because he regularly employed fewer than three employees at the

time of claimant's injury.  Employer further averred that claimant was an independent contractor,

not an employee, at the time of his injury and that his average weekly wages were $500. The

Uninsured Employer's Fund adopted the same defenses and "further aver[red] that the claimant

carri[ed] the burden of proving all the essential elements of his claim." See Deputy

Commissioner's November 1, 2006 Opinion, p. 2.

At the hearing, claimant described the accident as follows:

> Me and [Jenkins] was on a job site and around in the back of a house, and [sic] told me to take the hickory tree down, so I got up in the there and was taking it down. It had one limb left. Took part of that off. Come back to the back of the tree, rested. And the next thing I know, my rope snapped and that was it. I don't remember. . . . I remember hitting the ground and looking up at [Jenkins] and Ernesto and telling them that my ribs were broke, but I never knew that I had fractured my back . . . .

Jenkins described claimant's accident as follows:

> I was right at the base of the tree. [Claimant] was up in the tree, took the limb off of the tree, come back to the base of the tree. . . . He said, I'm tired, I'm having f-----g problems at home, I'm coming down. I said, come on down. He come down out the tree, got high as the deck. He took a chainsaw and wiped his rope in two and dropped himself to the ground. Then he said, now, call my wife---I mean my girlfriend. He said, me and my girlfriend is having trouble today. She's going to leave and I want to call her. I said okay. That's what we done.

In explaining further how the accident occurred, Jenkins stated that claimant came

halfway down the tree, cut the rope that was securing him to the tree with the chainsaw, and

dropped to the ground from a distance of about thirty feet in the air. Jenkins contended claimant

told the rescue squad personnel that he had cut his rope with the chainsaw. Jenkins testified that

claimant told him he cut the rope because his girlfriend was going to leave him. Jenkins'

business was not insured for workers' compensation.

Claimant's physicians, Drs. Bothwell G. Lee and Benjamin F. Allen, both noted a history

of claimant falling. Dr. Lee noted claimant fell onto the ground from a distance of twenty feet.

Dr. Allen noted claimant fell from a tree.

In denying the claim, the deputy commissioner noted that the claimant did not attempt to rebut Jenkins' testimony. The deputy commissioner also recognized that employer's evidence constituted an affirmative defense based on self-inflicted injury under Code § 65.2-306. However, while acknowledging that the statute precludes the defense in the absence of pleading it and prior notice of the intent to mount it, the deputy commissioner admitted and considered the self-inflicted injury evidence and denied the claim based on his reading of this Court's holding in Anderson v. East Coast Fish & Scallop Co., Inc., 10 Va. App. 215, 391 S.E.2d 347 (1990). In reaching his decision, the deputy commissioner noted having "significant reservations about the credibility of both the claimant and Jenkins." Notwithstanding any reservations regarding both parties' credibility and, ostensibly crediting both, the deputy commissioner found the evidence established two possible causes of claimant's injury; one, as claimant testified, was the result of the accidental snapping of the safety rope which secured him while descending from the tree, the other, as employer testified, was the result of claimant's deliberate severing of the rope. On that ground, the deputy commissioner found that claimant failed to carry his burden of proof, citing Crisp v. Brown's Tysons Corner Dodge, Inc., 1 Va. App. 503, 505, 339 S.E.2d 916, 917 (1986).

On review, the commission reversed the deputy commissioner's decision, finding as follows:

> By statute [Code § 65.2-306(B)], employer bore the burden of proof of the affirmative defense of self-inflicted injury and by Commission rule [Rule 1.10] also had the duty to inform the claimant and the Commission of this defense at least 15 days prior to the hearing. Although this claim had been pending for more than two years, the employer failed to file notice of the employer's affirmative defense of self-inflicted injury. Because the employer did not comply with the requirement to provide notice of a willful misconduct defense, the only description of the accident before the Deputy Commissioner was that of the claimant. To find otherwise is to obviate the employer's burden to prove misconduct. The only evidence properly before the Deputy Commissioner is that the rope broke and the claimant fell from a height of twenty to thirty feet.

The claimant has therefore established the compensability of his accident.[1]

On appeal to this Court, Jenkins asserts that, notwithstanding his failure to comply with the notice requirements of Code § 65.2-306(B) and Rule 1.10, the deputy commissioner had the authority, as well as the duty, to weigh all the admitted evidence, including Jenkins' testimony establishing that claimant's injury was self-inflicted and not an accident, because claimant did not object to Jenkins' testimony at the hearing or offer evidence in rebuttal. Jenkins cites Anderson for the proposition that the testimony is admissible when no notice is given. Jenkins further argues that, while the commission's factual findings are ordinarily binding on this Court, that rule does not apply in this case because, in finding that Jenkins' testimony was barred from the deputy commissioner's consideration under Rule 1.10, the commission, in effect, arbitrarily and improperly rejected the deputy commissioner's determination that Jenkins' testimony was credible. We find no merit in either argument.

Analysis

Employer does not dispute that it failed to give the required notice under Rule 1.10. Under Rules 2.2 and 3.1, we hold that claimant's failure to object to Jenkins' testimony at the hearing did not prevent the commission from applying Rule 1.10 in its review of this case. We, therefore, conclude that the commission's *sua sponte* exercise of its authority to correct any error or decision on review deemed necessary for a just determination of the issues was not an abuse of discretion under the facts of this case.

"The commission's authority to make rules [not inconsistent with the Act] for carrying out the provisions of the Act is statutory and long standing." Lowes of Short Pump, Va. v.

---

[1] The commission also ruled that Jenkins' tree cutting business employed three or more persons at the time of claimant's accident, thereby invoking the commission's jurisdiction, and that claimant was an employee not an independent contractor. The parties have not appealed those findings.

- 4 -

<u>Campbell</u>, 38 Va. App. 55, 59, 561 S.E.2d 757, 759 (2002); <u>see</u> <u>also</u> Code § 65.2-201. "When a challenge is made to the commission's construction of its rules, 'our review is limited to a determination whether the commission's interpretation of its own rule was reasonable.'" <u>Specialty Auto Body v. Cook</u>, 14 Va. App. 327, 330, 416 S.E.2d 233, 235 (1992) (quoting <u>Classic Floors, Inc. v. Guy</u>, 9 Va. App. 90, 93, 383 S.E.2d 761, 763 (1989)). "The commission's interpretation will be accorded great deference and will not be set aside unless arbitrary or capricious." <u>Rusty's Welding Serv., Inc. v. Gibson</u>, 29 Va. App. 119, 129 n.2, 510 S.E.2d 255, 260 n.2 (1999) (*en banc*).

Pursuant to the statutory authority granted it, the commission promulgated Rule 2.2, which provides that "[e]xcept for rules which the Commission promulgates, it is not bound by statutory or common law rules of pleading or evidence nor by technical rules of practice." Va. Workers' Comp. Comm'n Rule 2.2. Rule 3.1 promulgated by the commission allows that "[t]he commission may . . . on its own motion, address any error and correct any decision on review if such action is considered to be necessary for a just determination of the issues." Rule 1.12 sets forth methods by which the commission may enforce the Act and its rules, expressly allowing the Commission in the exercise of its discretion to act *sua sponte* to exclude evidence from the record.[2] The commission also promulgated Rule 1.10, which provides:

---

[2] Rule 1.12 provides as follows:

> In addition to the statutory authority of the Commission to levy fines, to assess attorney fees and punish contempt, the commission may enforce its rules and the provisions of the Workers' Compensation Act upon motion of a party, or upon its own motion, after giving a party or other interested person the opportunity to be heard, by imposition of the following sanctions:
>
> A. Rejection of a pleading including, but not limited to, all or part of a claim and grounds of defense;

> If the employer intends to rely upon a defense under § 65.2-306 of the Act, it shall give to the employee and file with the Commission no less than 15 days prior to the hearing, a notice of its intent to make such defense together with a statement of the particular act relied upon as showing willful misconduct.

In addition, Code § 65.2-306(B), which provides that no compensation shall be allowed for injury or death caused by an employee's willful misconduct or intentional self-inflicted injury, places the burden of proof upon the person or entity asserting an affirmative defense under the statute.

Employer offered no excuse or explanation for its failure to comply with the notice requirements of Rule 1.10. The record shows that claimant first filed his claim on January 13, 2004, which was dismissed without prejudice. He filed another claim on September 22, 2004, and amended that claim on April 12, 2005. In all three claims, claimant alleged he fell about thirty-five feet from a tree. The sole purpose of Jenkins' testimony at the October 2, 2006 hearing, without respect to the jurisdictional issue, was to refute claimant's testimony and show the injury was self-inflicted. Jenkins' testimony constituted the sole contradiction to claimant's version of the accident and the employer's sole challenge to the compensability of the claim. Yet, employer never asserted a self-inflicted injury defense under Code § 65.2-306. The failure to give proper notice deprived the claimant of the opportunity to subpoena witnesses and gather evidence in response to the defense.

Employer's reliance on our holding in Anderson to support his argument that evidence establishing a self-inflicted injury was properly admitted and considered by the deputy commissioner in this case is misplaced. In Anderson, the claimant's own evidence failed to establish any basis for finding merit in his claim that he had sustained a compensable injury by

B. Exclusion of evidence from the record;

C. Dismissal of a claim or application.

- 6 -

accident. Anderson gave two accounts of how he had sustained a wound to his face from a twelve-gauge shotgun found at the scene. Anderson, 10 Va. App. at 216, 391 S.E.2d at 348. Anderson initially told police he had been attacked and shot by two intruders. Id. Later, he recanted, and stated that he had propped the gun in a corner of the room, stood on a table to fix a flickering light bulb, and accidentally fell on the shotgun, discharging it. Id. The commission in Anderson affirmed the deputy commissioner's finding that the record contained "no persuasive evidence which can form the basis for an award of compensation." Id. at 217, 391 S.E.2d at 348.

On appeal, this Court affirmed the commission in Anderson, finding that the commission did not err in considering the employer's evidence of self-inflicted injury, even though the employer had failed to give the required notice pursuant to Rule 4 (now Rule 1.10). Id. at 217, 391 S.E.2d at 349. Focusing first on claimant's prima facie case and citing to Massie v. Firmstone, 134 Va. 450, 114 S.E. 652 (1922), we held that Anderson had failed to establish a meritorious claim in that he had "repudiated his initial account of assault." Anderson, 10 Va. App. at 217, 391 S.E.2d at 349. We then addressed whether the commission erred in considering evidence of self-inflicted injury, notwithstanding the employer's failure to give notice pursuant to Rule 4 (now Rule 1.10). Finding that notice pursuant to Code § 65.1-38 and Rule 4 (now Code § 65.2-306 and Rule 1.10) is required only "if the employer intends to interpose an affirmative defense to bar an otherwise meritorious claim," we held that the commission did not err in considering the defense, because, as claimant's evidence showed, he had failed to establish a meritorious claim. Anderson, 10 Va. App. at 217, 391 S.E.2d at 349.

Applying the Anderson analysis to the facts of this case and focusing only on claimant's prima facie evidence to determine whether he established a meritorious claim, the commission properly found that claimant's evidence established an injury by accident. There were no inconsistencies in claimant's testimony and the deputy commissioner did not reject it as lacking

credibility, his expressed reservations notwithstanding. Indeed, the deputy commissioner's subsequent invocation of the rule involving a situation where the injury could have resulted from one or more causes supports the conclusion that claimant's testimony was not rejected. A credible claim having been established, under the holding in Anderson, evidence of self-inflicted injury could only be admitted to contradict the claim upon notice that the defense would be raised. That notice was not given.

Under these circumstances, we hold that the commission did not abuse its discretion in applying its rules to exclude consideration of Jenkins' testimony, leaving only claimant's explanation of how the injury occurred.[3] Claimant's testimony, being the sole evidence remaining in the case, supports the commission's finding that he sustained his burden of proof.

Accordingly, we affirm the commission's decision.

Affirmed.

---

[3] Because we conclude that Jenkins' testimony was, as a matter of law, precluded from the deputy commissioner's consideration, its credibility was not at issue. Therefore, Jenkins' contention that the commission arbitrarily and erroneously rejected the deputy commissioner's determination that Jenkins' testimony was credible is moot, as Jenkins' testimony was properly excluded from the consideration. Moreover, a close review of the record shows that, contrary to employer's assertion during oral argument that the deputy commissioner adopted Jenkins' testimony, the deputy commissioner, in fact, never expressly accepted Jenkins' testimony over claimant's testimony, but rather, the deputy commissioner expressed his reservations about both witnesses' credibility and then applied the rule enunciated in Crisp, 1 Va. App. at 505-06, 339 S.E.2d at 917 (citing King's Market v. Porter, 227 Va. 478, 484, 317 S.E.2d 146, 149 (1984)).