COURT OF APPEALS OF VIRGINIA

Present:    Judges Alston, O'Brien and AtLee
Argued at Fredericksburg, Virginia


TEREASA DeVAUGHN

                                                    MEMORANDUM OPINION* BY
v.        Record No. 0539-18-4                      JUDGE ROSSIE D. ALSTON, JR.
                                                    OCTOBER 30, 2018

FAIRFAX COUNTY PUBLIC SCHOOLS


        FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

            W. David Falcon, Jr. (Ackerman & Falcon, LLP, on brief), for
            appellant.

            Charles F. Trowbridge (Michael N. Salveson; Littler Mendelson,
            P.C., on brief), for appellee.


        Tereasa DeVaughn ("appellant") asserts that the Workers' Compensation Commission

erred by not considering certain evidence and by failing to order the deputy commissioner to

hold an evidentiary hearing.  For the reasons stated below, we disagree.

                                         BACKGROUND

        In June 2014, while working for Fairfax County Public Schools ("appellee"), appellant

sustained a compensable injury and was awarded $588.21 in weekly benefits.  In early February

2016, appellant's physician determined that she could return to sedentary work and also ordered

that appellant attend a "functional capacity evaluation" ("FCE").[1]  The FCE was initially set on

February 22, 2016, but appellant cancelled.  The FCE was re-scheduled for March 21, 2016.

_____

        * Pursuant to Code § 17.1-413, this opinion is not designated for publication.

        [1] The purpose of an FCE is to gauge an individual's ability to perform various physical
tasks so that the physician can recommend the appropriate scope of an individual's authorized
work.

Appellant cancelled again, citing a health issue. The FCE was then re-scheduled for a third time on May 13, 2016. Yet again, appellant cancelled, stating she was waiting for clearance from her primary care physician. One month later, on June 13, 2016, appellee filed an application for hearing, arguing that appellant had unjustifiably refused to attend medical treatment and seeking a termination of benefits. An evidentiary hearing took place nearly seven months later on December 7, 2016.

At the December 7, 2016 hearing, appellant primarily asserted that she had not unjustifiably refused medical treatment, relying upon a letter from a physician which stated that she was "not medically cleared to undergo [a FCE]" due to "recurrent chest pain, shortness of breath, [and] lower back pain." Appellant explained her various reasons for skipping the previously-scheduled FCEs, but also admitted that despite being instructed to contact her nurse manager regarding her attendance at the FCEs, she neglected to reach out. Appellant then mentioned alternatively that if the deputy commissioner ruled that her refusal was unjustified, she could immediately cure the refusal.[2] She stated that she was "ready, willing, and able to attend an FCE." Appellant provided no further evidence in support of her efforts to cure ("cure defense"). At the conclusion of the hearing, the deputy commissioner granted appellee's request to leave the record open for 30 days to allow the submission of additional pending medical records.

---

[2] The following is the relevant excerpt from the transcript:

> MR. FALCON: [I]f the [Deputy] Commission[er] were to find that those refusals were unjustified, then we would allege that [appellant] has cured that refusal.
>
> DEPUTY COMMISSIONER KENNARD: Alright. And when would the cure be?
>
> MR. FALCON: Today.

The deputy commissioner issued his opinion on January 4, 2017, finding that appellant did not unjustifiably refuse medical treatment.[3] On May 25, 2017, the full Commission reversed the deputy commissioner's determination. The full Commission terminated appellant's benefits effective to June 13, 2016, the date of appellee's application, finding that appellant had unjustifiably refused medical treatment when she failed to attend the third FCE appointment in May 2016. However, the full Commission noted that the deputy commissioner had never ruled upon appellant's "cure defense," so it remanded the case "to the deputy commissioner in order to determine if [appellant] has subsequently cured her refusal." On remand, the deputy commissioner found that appellant's verbal statement on December 7, 2016 was sufficient to cure her prior unjustifiable refusal, reasoning that he could identify "no reason to conclude that her testimony was offered other than in good faith."

On March 5, 2018, the full Commission again reversed the deputy commissioner, holding that appellant's "cure defense" was not in good faith because it was not accompanied by evidence of any affirmative acts by appellant, nor evidence of mitigating circumstances excusing appellant's inactivity. Appellant filed a request for reconsideration a week later, asserting that the full Commission should have considered that she had attended a FCE on December 15, 2016. The full Commission denied the request, and appellant initiated this appeal.

On appeal, appellant argues that the full Commission "fail[ed] to consider" that she participated in a FCE on December 15, 2016, and further, that the full Commission should have afforded her another opportunity to present evidence.

---

[3] The deputy commissioner did not initially need to decide the merits of appellant's "cure defense," hence the purpose of the full Commission's remand.

ANALYSIS

"When a challenge is made to the [C]ommission's construction of its rules, 'our review is limited to a determination [of] whether the [C]ommission's interpretation of its own rule was reasonable.'" Jenkins v. Webb, 52 Va. App. 206, 210-11, 662 S.E.2d 633, 635 (2008) (quoting Specialty Auto Body v. Cook, 14 Va. App. 327, 330, 416 S.E.2d 233, 235 (1992)). "The [C]ommission's interpretation will be accorded great deference and will not be set aside unless arbitrary or capricious." Rusty's Welding Serv., Inc. v. Gibson, 29 Va. App. 119, 129 n.2, 510 S.E.2d 255, 260 n.2 (1999) (*en banc*). Rule 2.2 of the Commission states that "[e]xcept for rules which the Commission promulgates, it is not bound by statutory or common law rules of pleading or evidence nor by technical rules of practice." "Rule 1.12 sets forth methods by which the [C]ommission may enforce the [Workers' Compensation] Act and its rules, expressly allowing the Commission in the exercise of its discretion to act *sua sponte* to exclude evidence from the record." Jenkins, 52 Va. App. at 211, 662 S.E.2d at 635.

While the procedural history of this case is somewhat confusing, this case hinges on the interpretation of the word "subsequently," which appears in the full Commission's review opinion issued on May 25, 2017. In that opinion, the full Commission stated that "the matter is remanded to the deputy commissioner in order to determine if [appellant] has subsequently cured her refusal." Significantly, the full Commission did not direct that the record be re-opened.

In the context of the disposition of this matter, we interpret "subsequently" as referring to between June 14, 2016 and the December 7, 2016 hearing; the time frame between when the full Commission effectively terminated appellant's benefits and the evidentiary hearing. Accordingly, the deputy commissioner was limited to considering appellant's evidence of a cure *as it existed* at the time of the hearing. This Court cannot conclude that the full Commission's decision to so limit the evidence was arbitrary or capricious.

Furthermore, from the evidence appellant presented on December 7, 2016, we cannot find that the full Commission erred in determining that appellant failed to cure her refusal.

In Fairfax County School Board v. Rose, 29 Va. App. 32, 38, 509 S.E.2d 525, 528 (1999), this Court held that "[f]or a verbal cure of an unjustified refusal of medical care to be effective, it must be made in good faith. A claimant must demonstrate [her] good faith through an affirmative action or a showing of circumstances mitigating a failure to act." See also Kibler v. Alger Bros. Constr. Co., 73 O.W.C. 157, 158 (1994) (holding that a claimant may cure a refusal of medical services by rescheduling and attending a medical appointment with a treating physician).[4] Notably, a claimant "*must express more than a mere statement of willingness* to cooperate. Rather, the Commission must look at the claimant's actions to see whether a purported verbal cure was made in good faith." Tapia v. Brandermill Woods Ret. Ctr., VWC File No. 239-31-23 (Mar. 18, 2011) (emphasis added).

Here, no evidence was introduced other than appellant's mere statement of her willingness to cooperate, thus precluding a finding of good faith. Appellant's evidence of her purported cure consisted *solely* of the verbal statement that she was "ready, willing, and able" to participate in a FCE. Appellant provided no evidence of any affirmative steps taken to demonstrate her efforts to cure nor did she identify any mitigating circumstances excusing her lack of effort. Appellant's three FCE appointments between February and May 2016 were each unsuccessful for various reasons, but all solely due to appellant's actions. By that time, appellee responded by filing the application for hearing on June 13, 2016. The evidence established that appellant took no known action whatsoever in the nearly seven-month period between May 2016 and December 2016, despite being directed to contact her nurse manager. Appellant had ample

---

[4] "Although not binding precedent, unpublished decisions can be cited and considered for their persuasive value." Otey v. Commonwealth, 61 Va. App. 346, 350 n.3, 735 S.E.2d 255, 257 n.3 (2012) (citing Rule 5A:1(f)).

time before the hearing to make appropriate efforts to communicate with her nurse manager, meet with her physicians, attend a FCE, or indicate her desire to comply in other ways. Instead, appellant waited, apparently assuming that she would prevail on the issue of whether she had unjustifiably refused medical treatment. See Levy v. Wegmans Food Mkts., Inc., 68 Va. App. 575, 582-83, 811 S.E.2d 849, 852 (2018) (noting that a claimant who "chooses not to gather as much [evidence] as is necessary for the Commission to make a determination" is "gambling with [her] chances of success").

Finally, appellant's arguments that the full Commission should have considered the December 15, 2016 FCE and/or ordered the deputy commissioner to hold an evidentiary hearing are also untenable.

The December 7, 2016 hearing record was left open for an additional 30 days, yet appellant made no effort to submit the results of the December 15, 2016 FCE. Inexplicably, appellant's counsel wrote to the deputy commissioner on December 13, 2016 that "the record may be closed at this time." The December 15, 2016 FCE would not ultimately be submitted to the Commission's file until June 2017. Moreover, none of the opinions authored by either the deputy commissioner or the full Commission ever mention the December 15, 2016 FCE.

In its order of March 16, 2018 denying appellant's request for reconsideration, the full Commission wrote that appellant "*raises for the first time* that [she] cured any potential refusal of medical treatment as of December 15, 2016 when she attended an FCE." (Emphasis added). Rule 3.3 of the Commission states that "[n]o new evidence may be introduced by a party at the time of review except upon agreement of the parties." Even if the full Commission was aware that appellant had filed the December 15, 2016 FCE, which is unclear, the full Commission was still firmly within its authority to reject that evidence at such a late date in the case. See Jenkins, 52 Va. App. at 210-11, 662 S.E.2d at 635. Appellant's consternation at being deprived of an

additional opportunity to present evidence is far outweighed by our deference to the full Commission's interpretation of its rules.

Accordingly, this Court will only consider whether the full Commission correctly ruled that appellant did not cure her unjustifiable refusal based on the evidence at the December 7, 2016 hearing. As we discussed above, we conclude that the full Commission did not err.

<u>Affirmed.</u>