COURT OF APPEALS OF VIRGINIA

Present:   Judges Russell, AtLee and Senior Judge Haley
Argued by videoconference

B. MAYES MARKS, JR.

                                            MEMORANDUM OPINION* BY
v.        Record No. 0121-21-2            JUDGE WESLEY G. RUSSELL, JR.
                                                  JULY 20, 2021
JOHN RANDOLPH MEDICAL CENTER/HCA

         FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

         B. Mayes Marks, Jr. (Marks & Associates, P.C., on brief), *pro se*.

         Charles A. Gavin (Cawthorn, Deskevich & Gavin, P.C., on brief),
         for appellee.


        B. Mayes Marks, Jr. represented Carrie Majewski in a contested claim before the

Workers' Compensation Commission.  Pursuant to an award of the Commission, Majewski's

employer paid John Randolph Medical Center/HCA ("JRMC") for medical services that JRMC

provided to Majewski.  After a significant delay, Marks, pursuant to Code § 65.2-714(B), sought

from JRMC payment of his reasonable attorney's fee.  JRMC denied the request, and Marks

pursued the matter before the Commission.  Concluding that Marks failed to provide reasonable

notice of his fee request to JRMC, the Commission denied Marks' fee request, and Marks

appeals that determination.  Finding that this Court's recent opinion in Marks v. Henrico

        * Pursuant to Code § 17.1-413, this opinion is not designated for publication.

Doctors' Hospital/HCA, ___ Va. App. ___ (June 29, 2021), governs the outcome in this case, we affirm the judgment of the Commission.[1]

BACKGROUND

Majewski, in the service of her employer, suffered a compensable injury by accident in August 2015. In November 2015, her employer's insurance carrier "agree[d] to [a] causally related medical award[,]" resulting in the Commission's entry of a November 19, 2015 order granting Majewski "lifetime medical benefits . . . for reasonable, necessary and authorized medical treatment causally related to the workplace injury . . . ." The award order provided that it "relates to the following injured body parts: All causally related body parts[.]"

The following month, Majewski underwent hip surgery at JRMC, resulting in a bill from JRMC in the amount of $159,679.16. On claimant's behalf, Marks sought payment of the bill from the employer's insurance carrier. Employer initially contested the claim for payment, but ultimately the Commission entered a joint stipulation order on August 17, 2016 that recognized Majewski's right hip as a body part covered by the previously entered lifetime award of medical benefits.

Marks inquired of JRMC regarding the status of the medical bill in the summer of 2017. Employer's insurance carrier eventually paid JRMC $105,772.65 on December 1, 2017.

In June 2018, Marks followed up with JRMC regarding the remainder of the bill, and he learned that the balance remained outstanding. Marks inquired again about the bill's status in January 2019. At that time, he was informed that the original bill amount had been adjusted and that JRMC was not seeking any additional payments related to the care rendered to Majewski.

---

[1] At oral argument in this Court, which occurred after Marks v. Henrico Doctors' Hospital/HCA had been argued in this Court but before a decision was released, Marks conceded that the result in the two cases should be the same, namely that the Commission's decision denying his fee requests should either be affirmed in both cases or reversed in both cases.

Marks did not seek or even raise the issue of his potential entitlement to an attorney's fee in any of these communications with JRMC.

On April 23, 2020, Marks wrote a letter to JRMC seeking payment of an attorney's fee. Although it had been more than a year since Marks last communicated with JRMC about the matter and had been more than two years since JRMC had received payment from employer's insurance carrier, Marks noted that he had "confirmed through [the] [b]illing [d]epartment that" the employer's carrier had paid for the treatment rendered to Majewski. Citing Code § 65.2-714 and asserting that the payment "was made only after the claimant, with my assistance, filed a claim demanding a ruling that the carrier was responsible[,]" Marks, for the first time, "suggest[ed] 25% as a reasonable compromise for the fee to be paid to me from monies received from" the employer's insurance carrier.

JRMC promptly responded via email on April 26, 2020. JRMC acknowledged "receipt of [Marks'] request for a 714 [f]ee payment[,]" but stated that it "will not be able to proceed with processing the 714 [f]ee payment." JRMC denied the request for a fee because "the request was not submitted within a reasonable time." The JRMC representative further explained that "[w]e received the Workers Compensation payment on 12-01-2017 . . . [o]ver 2 years ago. I was [first] notified on April 23rd, 2020" about Marks' fee request.

Faced with JRMC's rejection of his fee request, Marks, on June 4, 2020, filed with the Commission a request for an attorney's fee pursuant to Code § 65.2-714(B). Marks specifically sought "25% of the sum which benefitted the health care provider, [JRMC], in this contested claim." Marks alleged that, because of his "successful representation of the claimant," JRMC received from the insurance carrier $105,772.65 of its $159,679.16 bill. Marks sought his fee based on his "representation of the injured worker, pursuing and gaining the recovery of such

- 3 -

funds for medical care and treatment rendered as a result of" the compensable accident.  Marks notified JRMC of his filed claim by letter dated June 9, 2020.

JRMC responded by arguing that Marks' claim should be denied due to Marks' failure to provide it "reasonable notice" of the requested fee.[2]  JRMC specifically argued that

> [t]here has been no record or document produced by [Marks] of any intent or notice to request a 714(B) fee prior to April 23, 2020, and the notice in compliance with Sines was not completed until June 9, 2020.  This passage of time renders any notice, whether informally on April 23, 2020, or formally on June 9, 2020, unreasonable under Rule 6.2(3).

The matter came before a deputy commissioner for on-the-record review.  In a July 27, 2020 opinion, the deputy commissioner, citing both Code § 65.2-714(B) and Commission Rule 6.2, rejected Marks' fee request, finding that "[m]ore than two years passed from the time of the payment before the medical provider was advised that an attorney's fee was being sought" and concluding that "the timing of the notice . . . was not 'reasonable notice' as that phrase has been used by the Commission" in similar cases.

Marks sought full Commission review, arguing that "there is no statutory requirement or Rule of the Commission requiring filing within two (2) years or any other set time" and asserting that the "statutory language of Code § 65.2-714(B) does not set forth any time frame within which an employee's attorney is to pursue an attorney's fee from a provider in a contested claim held to be compensable[.]"  Marks contended that a claimant's "attorney [only] must give 'reasonable notice that a motion for an award of such fee will be made' so that due process notification is being given to the provider that a [h]earing is being sought[,]" thereby allowing "the provider [to] appear and defend as necessary."

---

[2] JRMC also contended that Marks was not entitled to a fee because the underlying matter had not been contested.  The deputy commissioner rejected that defense, and the issue is not before us on appeal.

- 4 -

In its January 15, 2021 opinion, the Commission rejected Marks' arguments. Acknowledging that, "[a]s cited by [Marks], neither [§] 65.2-714(B) nor Commission Rule 6.2(A) provide an explicit time frame within which the attorney must provide the mandated notice," the Commission highlighted that "the only precondition to the right to recover is that [the notice be] deemed 'reasonable.'" Citing its own precedent interpreting the reasonable notice requirement of Commission Rule 6.2, the Commission concluded "reasonable notice" requires that "notice be[] provided in a 'reasonable time.'" Turning to the facts of the case, the Commission concluded that Marks' lengthy delay in notifying JRMC of his claim "did not meet the reasonableness requirement mandated by Commission Rule 6.2" and denied his fee claim.

Marks appeals. He argues that the Commission erred in concluding that Code § 65.2-714 requires "reasonable notice . . . be given by [a claimant]'s counsel to [a] health care provider of a claim for an attorney's fee[,]" "erred . . . in finding that [a claimant]'s counsel is required to file a motion for an attorney's fee within a specified time period pursuant to Code § 65.2-714[,]" and was "arbitrary or capricious" in its interpretation of Commission Rule 6.2.

## ANALYSIS

### I. Standard of review

To the extent an appeal turns on a pure question of statutory interpretation, it presents an issue of law subject to *de novo* review. Paramont Coal Co. Virginia, LLC v. McCoy, 69 Va. App. 343, 350 (2018). In contrast, when the issue presented is the Commission's interpretation of one of its own rules, "our review is limited to a determination whether the [C]ommission's interpretation of its own rule was reasonable." Jenkins v. Webb, 52 Va. App. 206, 210-11 (2008) (quoting Specialty Auto Body v. Cook, 14 Va. App. 327, 330 (1992)). Accordingly, such an interpretation "will be accorded great deference and will not be set aside

unless arbitrary or capricious." Id. at 211 (quoting Rusty's Welding Serv., Inc. v. Gibson, 29 Va. App. 119, 129 n.2 (1999) (*en banc*)).

## II. Code § 65.2-714, Rule 6.2, and reasonable notice

Code § 65.2-714(A) grants "[t]he Commission . . . exclusive jurisdiction over all disputes concerning" attorney's fees related to workers' compensation claims. In turn, Code § 65.2-714(B) provides, in pertinent part, that

> [i]f a contested claim is held to be compensable under this title and . . . benefits for medical services are awarded and inure to the benefit of a third-party insurance carrier or health care provider, the Commission shall award to the employee's attorney a reasonable fee and other reasonable pro rata costs as are appropriate. However, the Commission shall not award attorney fees under this subsection unless and until the employee's attorney has complied with Rule 6.2 of the Rules of the Commission. The fee shall be paid from the sum that benefits the third-party insurance carrier or health care provider.

As Marks notes on appeal, the text of Code § 65.2-714 does not include the word "notice" or the phrase "reasonable notice." From this, he reasons that "no notice requirement is set forth in Code § 65.2-714(B)[,]" and therefore, the Commission's "plac[ing] a 'reasonable notice' requirement upon employee's counsel" related to the timing of the notice constitutes "a misinterpretation/misapplication of" Code § 65.2-714.

The argument ultimately fails however because, although Code § 65.2-714(B) does not include the word "notice" or the phrase "reasonable notice," it expressly incorporates by reference Commission Rule 6.2. By expressly incorporating the Rule into the statute, the General Assembly recognized the Commission's authority to make and interpret rules and adopted both the language of Rule 6.2, including any notice requirements, and the Commission's reasonable interpretation of Rule 6.2. In short, any failure to comply with Rule 6.2 is a failure to

comply with Code § 65.2-714(B), which expressly conditions an award of an attorney's fee on counsel's "compli[ance] with Rule 6.2 of the Rules of the Commission."

Rule 6.2 of the Commission provides the process by which a claimant's counsel may perfect an attorney's fee claim against a health care provider. Unlike Code § 65.2-714, Rule 6.2 does contain express language regarding "reasonable notice[.]" Specifically, the Rule sets forth the various steps an attorney must make to recover a fee from a health care provider, including among other things, that the attorney "certif[y] that . . . [t]he insurance carrier or health care provider was given *reasonable notice* that a motion for an award of such fee would be made[.]" Rule 6.2(A)(3) (emphasis added).

Because Rule 6.2(A)(3) requires an attorney to provide "reasonable notice" when seeking a fee award against a health care provider, an attorney, such as Marks, must provide such "reasonable notice" to have "complied with Rule 6.2 of the Rules of the Commission" as required by Code § 65.2-714(B). Thus, the question becomes what constitutes "reasonable notice" for the purpose of Rule 6.2(A)(3) and did Marks provide it in this case.

### III. The Commission's interpretation of "reasonable notice"

Consistent with its own precedent interpreting Rule 6.2, the Commission determined that the concept of "reasonable notice" incorporates a requirement that a claim be made promptly and that Marks failed to do so in this case. Specifically, the Commission noted that the Rule's "'reasonable notice'" provision requires that "notice be provided in a 'reasonable time.'" Turning to the facts of the case, the Commission concluded "that the delay in providing notice of over twenty-eight months after the provider received payment did not meet the reasonableness requirement mandated by Commission Rule 6.2."

Marks challenges the Commission's interpretation of "reasonable notice" under Rule 6.2 as having a temporal component.[3] He notes that neither the statute nor the Rule contains a specific time period to guide attorneys who seek fees from medical providers and characterizes the Commission's reading of the Rule to include a temporal component as "arbitrary or capricious[.]"

Given the deference owed the Commission in the interpretation of its own rules, Jenkins, 52 Va. App. at 210-11, the question becomes is the conclusion, that "reasonable notice" includes a temporal component, itself "reasonable." This Court recently addressed this very question in Marks v. Henrico Doctors' Hospital/HCA, ___ Va. App. at ___. In that case, a panel of this Court unanimously concluded that the Commission's interpretation was "plausible[,]" id. at ___, and that, given the language of the statute and the Rule, there is nothing "unreasonable about a requirement that a claimant give notice of [a fee] claim within a reasonable period of time." Id. at ___. Accordingly, the panel of the Court rejected the very argument Marks makes here and affirmed the judgment of the Commission. Id. at ___.

The prior panel's disposition of the identical argument controls the outcome of this case. As a published decision of a prior panel of this Court, the decision in Marks v. Henrico Doctors' Hospital/HCA is binding on us. Butler v. Commonwealth, 64 Va. App. 7, 12 (2014) ("Under the interpanel accord doctrine, [a subsequent panel] lack[s] the authority to revisit" prior published opinions of the Court of Appeals.). "Under our rule of interpanel accord, . . . [t]he decision of one panel 'becomes a predicate for application of the doctrine of *stare decisis*' and cannot be overruled except by the Court of Appeals sitting *en banc* or by the Virginia Supreme Court."

---

[3] At oral argument in this Court, Marks conceded that he has not challenged the Commission's conclusion that it was unreasonable in the abstract to fail to provide notice sooner. Rather, he contests the inclusion of *any* timing requirement as it relates to Rule 6.2's "reasonable notice" requirement.

Clinchfield Coal Co. v. Reed, 40 Va. App. 69, 73 (2003) (other citations omitted) (quoting

Johnson v. Commonwealth, 252 Va. 425, 430 (1996)).  "This principle applies not merely to the

literal holding of the case, but also to its *ratio decidendi*—the essential rationale in the case that

determines the judgment."  Id. at 73-74.  Accordingly, consistent with the prior published

decision of this Court in Marks v. Henrico Doctors' Hospital/HCA, we conclude that the

Commission did not err in interpreting Rule 6.2's "reasonable notice" requirement to contain a

temporal component and then concluding that Marks failed to comply with it in this case.

## CONCLUSION

For the foregoing reasons, the judgment of the Commission is affirmed.

Affirmed.